**RELATED DDJ**



FILED

2026 MAR 20  PM 3:02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**2:26-CV-03058-CBM-KES**

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

**JOSEPH MATTHEW DOSS**

Plaintiff,

v.

**CITY OF LOS ANGELES, et al.,**

Defendant(s),

Case No.

# CIVIL RIGHTS COMPLAINT
## (42 U.S.C. § 1983)
### AND
# MEMORANDUM OF POINTS AND AUTHORITIES

Jury Trial Demanded

Filed by:

**JOSEPH MATTHEW DOSS**

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

**JOSEPH MATTHEW DOSS**

Plaintiff, Pro Se

506 South Spring Street, No. 13852

Los Angeles, California 90013

Telephone: (213) 984-8050

Email: jdbfi2766@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 1 -

JOSEPH MATTHEW DOSS,

Plaintiff,

v.

CITY OF LOS ANGELES;

LOS ANGELES POLICE DEPARTMENT;

OFFICER EMETERIO (Badge No. 44649);

OFFICER SIXTOS (Badge No. 45552);

OFFICER NGUYEN (Badge No. 40299);

OFFICER YAMRON (Badge No. 42453);

SERGEANT VILLANUEVA (Badge No. 38662);

SERGEANT SUSAN L. TORRES (Badge No. 41274);

COUNTY OF LOS ANGELES;

LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE;

DEPUTY DISTRICT ATTORNEY MARGARET JANE MOE (State Bar No. 132721);

and DOES 1–20,

Defendants.

JURY TRIAL DEMANDED

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## TABLE OF CONTENTS

I. INTRODUCTION — 8

    A. Narrative Overview — 8

    B. Plaintiff's Disability Status — 8

II. FACTUAL ALLEGATIONS — 10

    A. The Doss Family Pattern of Governmental Retaliation — 10

    B. State v. Doss: Carl Doss's Ohio Victory — 10

    C. Richardson v. Pletting: Plaintiff's Federal Victory — 11

    D. July 4, 2025: The 7-Eleven Stop — Complete Narrative — 13

    E. Tint Meter Specifications and DMV Standards — 16

    F. Justice Thurgood Marshall's Mimms Dissent — 16

    F-1. Penal Code § 148(a)(1): Manufactured Obstruction — 11

    G. The Warrantless Search (Arizona v. Gant) — 17

    G-1. Officer's Admission: Fruit of the Poisonous Tree — 17

    H. Sergeant Torres and the Thin Blue Line Badge — 19

    I. Retaliatory Prosecution by DDA Moe — 19

    J. Fugitive Disentitlement Doctrine — 20

    K. LAPD Training Day Program: Systematic Racial Profiling — 20

    L. Armed and Dangerous Designation — 21

    M. Legal Anchor: Interstate Consequences — 21

    N. Letter to President Donald J. Trump — 22

    O. Los Angeles City Council Complaint — 22

    P. Body-Worn Camera and Photographic Evidence — 22

    Q. Miranda Rights Denial — 23

    R. Suppression of Exculpatory Digital Evidence — 23

    S. Phone Seizure — Officer Yamron — 23

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

**JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.**

T. Sgt. Torres 'Yeah' Admission — 24

III. JURISDICTION AND VENUE — 25

IV. PARTIES — 25

V. CLAIMS FOR RELIEF — 28

COUNT I: Fourth Amendment Unreasonable Seizure — 28

COUNT II: Fourth Amendment Unlawful Search — 28

COUNT III: Fourth Amendment Unlawful Property Seizure — 29

COUNT IV: Fourth Amendment False Arrest — 29

COUNT V: First Amendment Retaliatory Prosecution — 30

COUNT VI: First Amendment Chilling/Intimidation — 30

COUNT VII: Fourteenth Amendment Equal Protection — 31

COUNT VIII: Fourteenth Amendment Substantive Due Process — 31

COUNT IX: Fourteenth Amendment Brady Violation — 32

COUNT X: Monell — City of Los Angeles — 32

COUNT XI: Monell — County of Los Angeles — 33

COUNT XII: Supervisory Liability — 33

COUNT XIII: California Bane Act — 34

COUNT XIV: Malicious Prosecution — 34

COUNT XV: Intentional Infliction of Emotional Distress — 35

COUNT XVI: Civil Conspiracy, 42 U.S.C. § 1985(3) — 35

VI. PRAYER FOR RELIEF — DAMAGES BREAKDOWN — 37

VII. MEMORANDUM OF POINTS AND AUTHORITIES / TRO — 40

VIII. JURY TRIAL DEMAND — 43

IX. VERIFICATION — 43

X. CERTIFICATE OF SERVICE — 44

XI. EXHIBIT LIST WITH PROOFS — 45

XII. PRESERVATION OF EVIDENCE NOTICE — 47

**VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983**

## TABLE OF CONTENTS (CONTINUED)

*The following sections supplement the Table of Contents set forth on pages 3–4 of this Complaint.*

**XI. EXHIBIT LIST ADDENDUM** ............................... 46-A

Exhibit P — State v. Doss, 111 Ohio App.3d 63 (1996) ............... 46-A

(Carl Doss — Wrongful Conviction, Exoneration, $75,501 ...............
State Compensation)

**EXHIBIT P — STATE v. DOSS (INTERNAL STRUCTURE):**

P-1.  Cover Page — Caption and Complaint Cross-References ............ 231

P-2.  Case Overview, Identification & Charges ......................... 232

P-3.  Procedural History & Trial Proceedings ......................... 233

P-4.  Appellate Decision — Exact Holdings & Court Language ........... 234

P-5.  Outcome, Exoneration & Compensation ($75,501 + $20,000) ........ 235

P-6.  The Doss Family Pattern — Direct Parallel to Plaintiff ............. 236

**Exhibit P Complaint Cross-References:**

- ¶¶ 4–5, 10–11 (pp. 10–11) — Doss Family Pattern of Governmental Retaliation
- Count X — Monell City Liability (p. 32)
- Count XI — Monell County Liability (p. 33)
- Count XIII — California Bane Act, Cal. Civ. Code § 52.1 (p. 34)
- Count XVI — Civil Conspiracy, 42 U.S.C. § 1985(3) (pp. 35–36)

**JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.**

## TABLE OF AUTHORITIES

**Cases**

Arizona v. Gant, 556 U.S. 332 (2009)

Beck v. Ohio, 379 U.S. 89 (1964)

Brady v. Maryland, 373 U.S. 83 (1963)

Buckley v. Fitzsimmons, 509 U.S. 259 (1993)

Chambers v. NASCO, Inc., 501 U.S. 32 (1991)

County of Sacramento v. Lewis, 523 U.S. 833 (1998)

Degen v. United States, 517 U.S. 820 (1996)

Elrod v. Burns, 427 U.S. 347 (1976)

Giglio v. United States, 405 U.S. 150 (1972)

Griffin v. Breckenridge, 403 U.S. 88 (1971)

Hartman v. Moore, 547 U.S. 250 (2006)

Hughes v. Pair, 46 Cal. 4th 1035 (2009)

Kyles v. Whitley, 514 U.S. 419 (1995)

Leon v. IDX Systems Corp., 464 F.3d 951 (9th Cir. 2006)

Miranda v. Arizona, 384 U.S. 436 (1966)

Monell v. Dep't of Social Services, 436 U.S. 658 (1978)

Nieves v. Bartlett, 139 S. Ct. 1715 (2019)

Pennsylvania v. Mimms, 434 U.S. 106 (1977)

People v. Lee, 40 Cal. App. 5th 853 (2019)

Preschooler II v. Clark County Sch. Bd., 479 F.3d 1175 (9th Cir. 2007)

Richardson v. Pletting, Case No. 5:18-cv-00961-KES (C.D. Cal. 2018)

Riley v. California, 573 U.S. 373 (2014)

Rodriguez v. United States, 575 U.S. 348 (2015)

Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863 (1989)

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

Silvestri v. Gen. Motors Corp., 271 F.3d 583 (4th Cir. 2001)

State v. Doss, 111 Ohio App. 3d 63 (Ohio Ct. App. 1996)

Terry v. Ohio, 392 U.S. 1 (1968)

Village of Arlington Heights v. Metro. Hsg. Dev. Corp., 429 U.S. 252 (1977)

West v. Atkins, 487 U.S. 42 (1988)

Whren v. United States, 517 U.S. 806 (1996)

Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)

Wong Sun v. United States, 371 U.S. 471 (1963)

Yick Wo v. Hopkins, 118 U.S. 356 (1886)

Yount v. City of Sacramento, 43 Cal. 4th 885 (2008)

Younger v. Harris, 401 U.S. 37 (1971)

**Statutes and Regulations**

U.S. Const. amend. I

U.S. Const. amend. IV

U.S. Const. amend. XIV

42 U.S.C. § 1983

42 U.S.C. § 1985(3)

42 U.S.C. § 1988

28 U.S.C. § 1331

28 U.S.C. § 1343

28 U.S.C. § 1367

28 U.S.C. § 1391(b)

Cal. Civ. Code § 52.1 (Bane Act)

Cal. Penal Code § 148(a)(1)

Cal. Penal Code § 1203.4

Cal. Veh. Code § 26708(a)(1)

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

Cal. Veh. Code § 26708.5

Cal. Health & Safety Code § 11362.1

13 Cal. Code Regs. § 26.00

Ohio Rev. Code § 2953.32

Fed. R. Civ. P. 65(b)

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## I. INTRODUCTION

### A. NARRATIVE OVERVIEW

1.

This case arises from a coordinated course of conduct by the Los Angeles Police Department and the Los Angeles County District Attorney's Office that deprived Plaintiff JOSEPH MATTHEW DOSS of clearly established constitutional rights. On July 4, 2025—the exact date Plaintiff became statutorily eligible for California expungement relief after seven consecutive years of lawful conduct—LAPD officers initiated a pretextual traffic stop based on illegal window tint. The stop escalated into a massive multi-unit police deployment, a warrantless search, unlawful seizure of his cell phone and evidence, and ultimately a retaliatory criminal prosecution designed to obstruct Plaintiff's rehabilitation and silence his protected activity.

2.

This is not an isolated or mistaken stop. This is the deliberate misuse of police and prosecutorial authority to punish a known civil rights advocate for both prior litigation and for exercising First Amendment rights. The stop, search, seizure, and prosecution were coordinated and functionally connected steps in a single retaliatory campaign.

3.

Supervisory and line officers disregarded scientifically valid and statutorily required window tint enforcement methods, fabricated justifications after their first pretext failed, and then prosecutors reversed a no-file determination only after Plaintiff filed official oversight complaints. As a result, Plaintiff was branded 'armed and dangerous,' subjected to a fugitive warrant, denied record-sealing relief in two states, and forced into hiding.

### B. PLAINTIFF'S DISABILITY STATUS AND LEGAL SIGNIFICANCE

4.

**JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.**

Plaintiff suffers from severe photophobia, a medically documented visual disability, which by law entitles him to a window tint exemption under California Vehicle Code § 26708.5. Plaintiff carried a valid letter from his physician and his vehicle's tint, measuring 26% VLT, was well within exempted legal standards.

**5.**

Despite this, LAPD officers ignored medical law and used the tint as a pretext—demonstrating discriminatory animus targeting Plaintiff not only as a disabled motorist but as a known African American civil rights advocate, thus supplying both the substantive and animating motive for the violations herein.

## II. FACTUAL ALLEGATIONS

### A. THE DOSS FAMILY PATTERN OF GOVERNMENTAL RETALIATION

6.

Plaintiff brings this verified civil rights complaint to challenge systematic governmental retaliation spanning seven years, two states, and multiple law enforcement agencies. Plaintiff seeks compensatory damages of $5,500,000, punitive damages of $80,000,000, and treble damages of $6,000,000 under the California Bane Act.

7.

The Doss family has been systematically targeted by governmental actors across multiple states after successfully challenging official misconduct in court. This is documented in published opinions including *State v. Doss*, 111 Ohio App. 3d 63 (Ohio Ct. App. 1996) and federal settlement records.

8.

Plaintiff Joseph Matthew Doss and his brother, Carl Doss, have consistently prevailed in litigation against police and governmental officials for constitutional violations, only to experience subsequent patterns of coordinated retaliation designed to undermine those victories.

9.

This lawsuit is a direct outgrowth of the same institutional pattern: July 4, 2025 marked precisely the date Plaintiff's expungement eligibility matured, and LAPD's pretextual stop and prosecutorial reversal were plainly calculated to block Plaintiff's access to justice.

### B. STATE V. DOSS: CARL DOSS'S OHIO VICTORY

10.

The pattern of governmental retaliation against the Doss family began with Plaintiff's brother, Carl Doss, in Ohio. After Carl Doss exposed systematic misconduct by Ohio authorities

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 10 -

and prevailed on procedural due process violations, he became the target of sustained retaliation—the same tactics now used against his brother. Both cases involve pretextual stops, escalation into felony investigations, prosecutorial reversals after protected activity, and interstate coordination to prevent expungement.

**11.**

This transgenerational pattern establishes Monell liability, foreseeability, and deliberate indifference.

## C. RICHARDSON V. PLETTING: PLAINTIFF'S FEDERAL VICTORY

**12.**

Between 2016 and 2019, Plaintiff litigated *Richardson v. Pletting*, Case No. 5:18-cv-00961-KES, in the United States District Court for the Central District of California, challenging California Department of Corrections and Rehabilitation officials who retaliated against him for filing grievances and advocating on behalf of fellow inmates.

**13.**

The evidence at trial established that CDCR officials described Plaintiff as someone who was 'kicking up dust.' The federal court found these statements constituted direct evidence of retaliatory motive—one of the strongest forms of evidence in First Amendment retaliation cases.

**14.**

The *Richardson* case resulted in a settlement favorable to Plaintiff, and placed every California law enforcement agency on notice that targeting Plaintiff for civil rights advocacy violates established federal law. The events described in this complaint follow the identical pattern.

## F-1. PENAL CODE § 148(a)(1): MANUFACTURED OBSTRUCTION TO FACILITATE SEARCH

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

After fabricating the marijuana odor justification, officers manufactured a Penal Code § 148(a)(1) obstruction charge to remove Plaintiff from the scene—placing him in Officer Yamron's patrol vehicle and transporting him away so that he could not observe, object to, or document the warrantless search. Plaintiff's conduct did not constitute obstruction. He requested a tint meter (reasonable request), questioned the fabricated marijuana claim (protected speech), and asked if body cameras were recording (transparency advocacy). None of these actions obstructed any lawful duty. The two-step choreography—manufactured Penal Code 148 charge followed by removal and transportation—was designed to circumvent *Arizona v. Gant*'s requirement that vehicle searches incident to arrest occur only when the arrestee is within reaching distance of the vehicle.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## D. JULY 4, 2025: THE 7-ELEVEN STOP—COMPLETE NARRATIVE

15.

On the evening of July 4, 2025—Independence Day—Plaintiff visited a 7-Eleven convenience store at the intersection of Hollywood Boulevard and Vine Street in Los Angeles to purchase lottery tickets, a routine errand completed without incident on numerous prior occasions.

16.

The date was not coincidental. July 4, 2025 was the exact date Plaintiff became eligible for expungement under California Penal Code § 1203.4. After seven years of completely law-abiding conduct, Plaintiff had earned the right to petition the court to dismiss his prior conviction.

17.

At approximately 8:30 PM, Plaintiff exited the 7-Eleven and entered his vehicle, a black Range Rover. While stopped at a red traffic signal, Plaintiff observed an LAPD patrol vehicle in the opposing traffic lane. The officer maintained prolonged, intense eye contact signaling hostility and anticipation.

18.

Anticipating the stop, Plaintiff immediately telephoned his wife: 'I think I'm about to get pulled over.' Plaintiff then activated his cellular telephone's dashcam recording feature—which is precisely why officers subsequently seized the phone without warrant or property receipt.

19.

As Plaintiff predicted, the patrol car executed a U-turn and initiated a traffic stop. Officer Nguyen (Badge No. 40299) approached: 'You know why I pulled you over?' Plaintiff responded: 'Why?' Officer Nguyen declared: 'Your tints are too dark.'

20.

**JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.**

Plaintiff possessed valid medical documentation authorizing window tint due to a diagnosed photosensitive condition. Plaintiff stated: 'Write me a ticket and I'll be on my way,' and requested Officer Nguyen verify the tint using a calibrated tint meter, as required by California law.

21.

Officer Nguyen refused: 'We don't need a tint meter.' This refusal confirmed the pretextual nature of the stop. Officers who genuinely believe window tint violates the law use objective measurement.

22.

Plaintiff observed approximately thirty-one LAPD officers converging on the scene in multiple patrol vehicles with overhead lights activated. This massive deployment for an alleged window tint violation was grossly disproportionate to any legitimate law enforcement purpose.

23.

After consulting with the assembled force, Officer Nguyen returned with an entirely new justification: 'Also I smell weed.' The marijuana odor claim was fabricated—it materialized only after Plaintiff challenged the window tint justification.

23a.

Compounding the fabricated odor claim, Officer Emeterio (Badge No. 44649) simultaneously asserted a visual marijuana claim, stating: 'I see it in the bag.' No marijuana was present in Plaintiff's vehicle, bag, or person. The simultaneous assertion of both an odor claim by Officer Nguyen and a sight claim by Officer Emeterio—without any marijuana present—constitutes coordinated fabrication of probable cause. Two officers independently claiming to perceive marijuana that did not exist is direct evidence of a conspiracy to manufacture justification for an arrest that had already been predetermined.

24.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

Plaintiff stated clearly for the body camera record: 'You don't smell anything because I have nothing.' No marijuana or any controlled substance was present in Plaintiff's vehicle, on Plaintiff's person, or anywhere in the vicinity.

25.

Even if marijuana odor had been genuinely present, California law following Proposition 64's passage in 2016 renders marijuana odor alone legally insufficient to justify vehicle searches. *People v. Lee*, 40 Cal. App. 5th 853, 862 (2019).

26.

Under *Rodriguez v. United States*, 575 U.S. 348, 354 (2015), 'Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed.' Officers prolonged Plaintiff's detention approximately 25–30 minutes beyond any legitimate traffic purpose.

## E. THE TINT METER SPECIFICATIONS AND DMV STANDARDS

27.

California Vehicle Code § 26708(a)(1) establishes specific standards for window tint that can only be objectively verified through calibrated measurement equipment. California Code of Regulations, Title 13, Section 26.00 establishes the DMV's official tint measurement protocols. Visual estimation by officers is legally insufficient.

28.

Plaintiff's Range Rover was equipped with factory-installed tint compliant with California law, plus medical exemption documentation. Officer Nguyen's categorical refusal to use a tint meter—'We don't need a tint meter'—reveals the tint claim was pretextual.

### WINDOW TINT SPECIFICATIONS CHART

| Category | Legal Standard | Plaintiff's Tint | Result |
|---|---|---|---|
| Medical Exemption | 70% VLT with exemption (Cal. Veh. Code § 26708.5) | 26% VLT (COMPLIANT) | LAWFUL TINT |
| Officer Assessment | "It looks too dark" — no tint meter used | Refused measurement | PRETEXTUAL STOP |
| CONCLUSION | Stop unsupported by objective measurement; marijuana odor legally insufficient (People v. Lee) | Constitutional Violation | UNCONSTITUTIONAL |

CONCLUSION: LAWFUL TINT — PRETEXTUAL STOP

## F. JUSTICE THURGOOD MARSHALL'S MIMMS DISSENT

29.

When Sergeant Villanueva (Badge No. 38662) arrived, he attempted to invoke *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), as authority to order Plaintiff from his vehicle. However, *Mimms* contains a threshold prerequisite: the initial stop must be lawful. The Court's

holding applies only '[o]nce a motor vehicle has been lawfully detained for a traffic violation.' *Id.* at 111. Here, the initial stop was not lawful.

**30.**

Justice Thurgood Marshall's dissent in *Pennsylvania v. Mimms*, 434 U.S. at 116–122, presciently warned the majority's rule would be abused by officers seeking pretexts to harass citizens. The events of July 4, 2025 demonstrate precisely the 'harassment potential' Justice Marshall identified.

## G. THE WARRANTLESS SEARCH WHILE PLAINTIFF WAS TRANSPORTED

**31.**

Officers forcibly removed Plaintiff from his Range Rover and placed him in handcuffs. Plaintiff was placed in the back seat of Officer Yamron's (Badge No. 42453) patrol vehicle. As the patrol car pulled away, Plaintiff observed multiple officers conducting a comprehensive search of his Range Rover—outside his presence, without consent, and without any warrant.

**32.**

This warrantless search violated the Fourth Amendment under *Arizona v. Gant*, 556 U.S. 332, 343 (2009). Neither Gant exception applied: Plaintiff was handcuffed in a patrol car being driven away, and there was no reason to believe evidence of 'resisting arrest' would be found in the vehicle.

**33.**

During this unconstitutional search, officers discovered a firearm in Plaintiff's vehicle. Evidence obtained through an unconstitutional search constitutes 'fruit of the poisonous tree' that must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963).

## G-1. OFFICER'S ADMISSION: 'FRUIT OF THE POISONOUS TREE'

**34.**

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

At least one LAPD officer acknowledged on body-worn camera that 'the gun wouldn't have been found except for the search after the obstruction arrest.' This on-record admission is direct proof that Defendants understood and accepted the unconstitutionality of their conduct.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## H. SERGEANT TORRES AND THE THIN BLUE LINE BADGE

35.

At the booking facility, Plaintiff encountered Sergeant Susan L. Torres (Badge No. 41274), assigned to process Plaintiff's civil rights complaint. Plaintiff immediately observed Sergeant Torres wearing a 'Thin Blue Line' insignia in violation of LAPD Special Order No. 11, dated February 15, 2023, which explicitly prohibits officers from displaying such insignia while on duty.

36.

Plaintiff directly confronted Sergeant Torres: PLAINTIFF: 'That blue line badge. That's a gang symbol. You know that's against department policy, right? Special Order 11 prohibits that.' SGT. TORRES: 'Yeah.' PLAINTIFF: 'You know your body camera is recording this right now, right?' SGT. TORRES: 'Yeah.' This admission—captured on body-worn camera—constitutes direct evidence of policy ratification, deliberate intimidation, and disregard of oversight rules supporting Monell, supervisory, Bane Act, and First Amendment chilling counts.

## I. THE RETALIATORY PROSECUTION BY DDA MARGARET JANE MOE

37.

In July 2025, following Plaintiff's arrest, the Los Angeles County District Attorney's Office issued a 'no filing' determination. On October 2, 2025—exactly one month after Plaintiff filed his complaint with the Los Angeles City Council and approximately six weeks after his complaint to California POST—Deputy District Attorney Margaret Jane Moe (State Bar No. 132721) reversed the 'no filing' determination and filed criminal charges under Case Number 7047090.

38.

DDA Moe's reversal came WITHOUT ANY NEW EVIDENCE. The only intervening event between the July 'no filing' and the October prosecution was Plaintiff's protected First

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983

- 19 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

Amendment activity—his complaints to oversight agencies. The temporal proximity provides compelling circumstantial evidence of retaliatory motive. *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007). DDA Moe's conduct falls outside prosecutorial absolute immunity under *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

## J. DEFEATING THE FUGITIVE DISENTITLEMENT DOCTRINE

39.

Defendants may attempt to invoke the fugitive disentitlement doctrine. In *Degen v. United States*, 517 U.S. 820, 828 (1996), the Supreme Court held the doctrine 'is an equitable one, and its application depends on the circumstances of each case.' The doctrine does not apply where the plaintiff's flight was caused by the defendant's own misconduct.

40.

Plaintiff was forced into hiding because law enforcement designated him 'armed and dangerous'—a designation based solely on evidence obtained through an unconstitutional search. Allowing the government to use a retaliatory prosecution to disentitle a plaintiff from civil rights claims would create a perverse incentive for governmental misconduct.

## K. THE LAPD 'TRAINING DAY' PROGRAM: SYSTEMATIC RACIAL PROFILING

41.

The Los Angeles Police Department operates a 'Training Day' program where rookie officers are trained in field operations by senior officers. These training deployments disproportionately target African American motorists, using pretextual stops for minor equipment violations as opportunities to escalate encounters, conduct searches, and generate arrests. The July 4, 2025 incident occurred during one of these coordinated training operations, evidenced by the deployment of 31 officers to a single traffic stop for alleged window tint.

42.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

STATISTICAL EVIDENCE: (1) 3.5× disparity—African Americans stopped 3.5 times more than whites despite representing only 9% of LA County population; (2) 4.2× disparity—equipment violations target African Americans at 4.2:1 ratio; (3) 24% vs. 7%—post-stop searches in 24% of African American stops vs. 7% of white stops; (4) 8× disparity—'armed and dangerous' designations at 8:1 ratio. This establishes discriminatory impact under *Village of Arlington Heights*, 429 U.S. 252 (1977).

## L. THE ARMED AND DANGEROUS DESIGNATION

43.

Following issuance of the arrest warrant on October 13, 2025, law enforcement entered an 'armed and dangerous' designation into their databases associated with Plaintiff's name and warrant. This designation was based solely on the firearm discovered during the unconstitutional warrantless search—fruit of the poisonous tree under *Wong Sun v. United States*, 371 U.S. 471 (1963).

44.

The 'armed and dangerous' designation transforms every future police encounter into a potential death sentence for Plaintiff. Given the well-documented pattern of police shootings of African American men during traffic stops, this designation places Plaintiff's life in immediate jeopardy every time he leaves his home.

## M. THE LEGAL ANCHOR: INTERSTATE CONSEQUENCES

45.

The retaliatory California prosecution has created what Plaintiff terms a 'Legal Anchor'—an interstate mechanism deliberately designed to sabotage Plaintiff's rehabilitation in two states simultaneously.

46.

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 21 -

In Ohio, the court denied Plaintiff's record sealing application. The stated reason was the 'PENDING CALIFORNIA CASE'—the retaliatory prosecution initiated by DDA Moe. Under Ohio Rev. Code § 2953.32(D)(1)(b), a court may not seal records while criminal proceedings are pending in any jurisdiction. In California, Plaintiff cannot obtain expungement under Penal Code § 1203.4 while charges are pending.

## N. LETTER TO PRESIDENT DONALD J. TRUMP

47.

As part of his protected First Amendment petitioning activity, Plaintiff drafted and mailed correspondence to President Donald J. Trump at the White House requesting federal intervention in the pattern of civil rights violations by Los Angeles law enforcement agencies.

## O. LOS ANGELES CITY COUNCIL COMPLAINT

48.

On September 1, 2025, Plaintiff submitted a formal written complaint to the Los Angeles City Council requesting investigation of LAPD's pattern of pretextual stops, failure to enforce Special Order No. 11, retaliation against citizens who file civil rights complaints, and immediate return of Plaintiff's seized cellular telephone.

49.

Exactly one month after Plaintiff's City Council complaint, DDA Moe reversed the no-filing determination and filed criminal charges—demonstrating that Plaintiff's protected activity directly caused the retaliatory prosecution.

## P. BODY-WORN CAMERA AND PHOTOGRAPHIC EVIDENCE

50.

Plaintiff possesses photographs of the traffic stop scene, including evidence of thirty-one LAPD officers converging on the scene, and has constructive possession of body-worn camera

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

footage and his own dashcam video on the seized phone.

**51.**

Plaintiff demands immediate production of all body-worn camera footage and return of his cellular telephone. The coordinated suppression of this evidence constitutes a continuing constitutional violation and supports adverse inference instructions at trial.

**Q. MIRANDA RIGHTS DENIAL**

**52.**

Throughout the entire stop, search, arrest, and transport, LAPD officers explicitly informed Plaintiff that they were not required to read him his Miranda rights at the scene. Miranda warnings were delayed until after transport to the police station and the illegal discovery and seizure of the firearm—a timed sequence that independently supports suppression and damages remedies under *Miranda v. Arizona*, 384 U.S. 436 (1966).

**R. SUPPRESSION OF EXCULPATORY DIGITAL EVIDENCE**

**53.**

After the July 4, 2025 stop, LAPD seized Plaintiff's mobile phone containing the dashcam recording. Despite numerous lawful requests, Defendants refused or failed to return the phone or its contents. No property receipt was issued. This constitutes ongoing due process and *Brady v. Maryland*, 373 U.S. 83 (1963) violations.

**S. PHONE SEIZURE ALLEGATION — OFFICER YAMRON**

**54.**

Officer Yamron (Badge No. 42453) took possession of Plaintiff's personal cell phone during the booking process. The phone was not inventoried on a property receipt. LAPD has not produced the device or its video contents despite repeated requests and formal written demands. This constitutes a Fourth Amendment seizure, a *Brady* violation, and actionable damages under

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

*Riley v. California*, 573 U.S. 373 (2014).

## T. SGT. TORRES 'YEAH' ADMISSION

55.

While Plaintiff was being processed at the station, he directly observed Sergeant Susan L. Torres (Badge No. 41274) displaying the prohibited Thin Blue Line badge insignia. Plaintiff asked: 'Isn't that badge illegal?' Sergeant Torres, recorded on body-worn camera, replied: 'Yeah.' This admission constitutes explicit and knowing acknowledgment of the ongoing violation of department policy and the hostile environment for civilian complainants, and directly supports Plaintiff's supervisory liability, Monell, Bane Act, and First Amendment chilling claims.

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

## III. JURISDICTION AND VENUE

56.

This Court has original jurisdiction over all federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

57.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

58.

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within the Central District of California, Los Angeles County.

## IV. PARTIES

**A. Plaintiff**

59.

Plaintiff JOSEPH MATTHEW DOSS is a 53-year-old African American man residing in Los Angeles, California, a known civil rights advocate who previously prevailed in federal court against California corrections officials.

**B. Municipal and County Defendants**

60.

Defendant CITY OF LOS ANGELES is a municipal corporation organized under California law, subject to suit pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

61.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

Defendant LOS ANGELES POLICE DEPARTMENT is a department of the City of Los Angeles responsible for law enforcement within the City.

62.

Defendant COUNTY OF LOS ANGELES is a political subdivision of California, subject to suit for the unconstitutional policies and customs of its District Attorney's Office.

63.

Defendant LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE is a department of the County of Los Angeles responsible for the prosecution of criminal cases.

**C. Individual Officer Defendants**

64.

Defendant OFFICER EMETERIO (Badge No. 44649) participated in the unlawful stop, made a threatening gun gesture toward Plaintiff, and participated in the unconstitutional search. Sued in individual and official capacities.

65.

Defendant OFFICER SIXTOS (Badge No. 45552) participated in the unlawful stop, arrest, and search. Sued in individual and official capacities.

66.

Defendant OFFICER NGUYEN (Badge No. 40299) initiated the pretextual stop, refused to use a tint meter, and fabricated the marijuana odor claim. Sued in individual and official capacities.

67.

Defendant OFFICER YAMRON (Badge No. 42453) seized Plaintiff's cellular telephone without warrant or property receipt and transported Plaintiff while other officers conducted the unconstitutional search. Sued in individual and official capacities.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## D. Supervisory Defendants

68.

Defendant SERGEANT VILLANUEVA (Badge No. 38662) supervised the traffic stop, threatened to break Plaintiff's car window, misrepresented *Pennsylvania v. Mimms*, and announced the predetermined arrest. Sued in individual and official capacities.

69.

Defendant SERGEANT SUSAN L. TORRES (Badge No. 41274) processed Plaintiff's civil rights complaint while wearing prohibited gang insignia in violation of LAPD Special Order No. 11, admitted on camera that she knew she was violating department policy. Sued in individual and official capacities.

## E. Prosecutorial Defendant

70.

Defendant DEPUTY DISTRICT ATTORNEY MARGARET JANE MOE (State Bar No. 132721) reversed a 'no filing' determination without any new evidence, initiated criminal charges in retaliation for Plaintiff's protected activity, and designated Plaintiff 'armed and dangerous' based on unconstitutionally obtained evidence. Sued in individual and official capacities.

## F. Doe Defendants

71.

The identities of Doe Defendants 1 through 20 are presently unknown to Plaintiff and will be substituted upon identification in discovery.

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 27 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Fourth Amendment: Unreasonable Seizure (42 U.S.C. § 1983)**

*Against: Officer Emeterio, Officer Sixtos, Officer Nguyen, City of Los Angeles, LAPD*

**CONTROLLING AUTHORITIES:** *Terry v. Ohio*, 392 U.S. 1 (1968); *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Officers prolonged Plaintiff's detention 25–30 minutes beyond any legitimate traffic purpose. 31 officers deployed for an alleged tint violation. Officers refused objective tint measurement. Marijuana odor claim fabricated after initial pretext failed. No probable cause existed.

**RELIEF SOUGHT:** Compensatory damages; punitive damages; declaratory judgment.

### SECOND CLAIM FOR RELIEF

**Fourth Amendment: Unlawful Search (42 U.S.C. § 1983)**

*Against: Officer Emeterio, Officer Sixtos, City of Los Angeles, LAPD*

**CONTROLLING AUTHORITIES:** *Arizona v. Gant*, 556 U.S. 332 (2009); *People v. Lee*, 40 Cal. App. 5th 853 (2019); *Wong Sun v. United States*, 371 U.S. 471 (1963).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Officers searched Plaintiff's Range Rover without warrant, without consent, and outside Plaintiff's presence while he was handcuffed and being transported. Neither Gant exception applied. Firearm discovered is fruit of the poisonous tree and must be suppressed.

**RELIEF SOUGHT:** Compensatory damages; punitive damages; suppression of all evidence from the unconstitutional search.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment: Unlawful Property Seizure (42 U.S.C. § 1983)

*Against: Officer Yamron, Officer Emeterio, Officer Sixtos, Officer Nguyen, City of Los Angeles, LAPD*

**CONTROLLING AUTHORITIES:** *Riley v. California*, 573 U.S. 373 (2014); *Soldal v. Cook County*, 506 U.S. 56 (1992).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Officer Yamron seized Plaintiff's cellular telephone without warrant, consent, or property receipt. The phone contained exculpatory dashcam video. LAPD has refused to return the phone or its contents despite repeated lawful demands.

**RELIEF SOUGHT:** Immediate return of cellular telephone and all data; compensatory damages; punitive damages.

## FOURTH CLAIM FOR RELIEF

### Fourth Amendment: False Arrest (42 U.S.C. § 1983)

*Against: All Officer Defendants, City of Los Angeles, LAPD*

**CONTROLLING AUTHORITIES:** *Beck v. Ohio*, 379 U.S. 89 (1964); *Yount v. City of Sacramento*, 43 Cal. 4th 885, 898 (2008).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Officers arrested Plaintiff for 'resisting arrest' after he asserted his constitutional rights by questioning the pretextual stop and requesting a tint meter. Sergeant Villanueva announced Plaintiff would be arrested 'regardless' of compliance—the arrest was predetermined.

**RELIEF SOUGHT:** Dismissal of all charges arising from the false arrest; compensatory damages; punitive damages.

## FIFTH CLAIM FOR RELIEF

### First Amendment: Retaliatory Prosecution (42 U.S.C. § 1983)

*Against: DDA Margaret Jane Moe (individual and official capacities), County of Los Angeles, District Attorney's Office*

**CONTROLLING AUTHORITIES:** *Hartman v. Moore*, 547 U.S. 250 (2006); *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019); *Preschooler II v. Clark County Sch. Bd.*, 479 F.3d 1175, 1182 (9th Cir. 2007).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** DDA Moe reversed a 'no filing' determination exactly one month after Plaintiff's City Council complaint and approximately six weeks after his California POST complaint. Reversal came without any new evidence—only Plaintiff's protected First Amendment petitioning activity.

**RELIEF SOUGHT:** Dismissal of all charges; compensatory damages; punitive damages against DDA Moe.

---

## SIXTH CLAIM FOR RELIEF

### First Amendment: Chilling and Intimidation (42 U.S.C. § 1983)

*Against: Sergeant Torres, City of Los Angeles, LAPD*

**CONTROLLING AUTHORITIES:** *Elrod v. Burns*, 427 U.S. 347, 373 (1976): 'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Sergeant Torres displayed prohibited Thin Blue Line insignia while processing Plaintiff's civil rights complaint and admitted on camera she knew she was violating Special Order No. 11. This deliberate intimidation was designed to chill Plaintiff's petitioning activity.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

**RELIEF SOUGHT:** Compensatory damages; punitive damages; injunction requiring enforcement of Special Order No. 11.

## SEVENTH CLAIM FOR RELIEF

### Fourteenth Amendment: Equal Protection / Racial Profiling (42 U.S.C. § 1983)

*Against: All Officer Defendants, City of Los Angeles, LAPD*

**CONTROLLING AUTHORITIES:** *Village of Arlington Heights v. Metro. Hsg. Dev. Corp.,* 429 U.S. 252 (1977); *Yick Wo v. Hopkins,* 118 U.S. 356 (1886); *United States v. Montero-Camargo,* 208 F.3d 1122 (9th Cir. 2000) (en banc).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Plaintiff, a known African American civil rights advocate, was stopped for an alleged equipment violation officers refused to verify objectively. Statistical evidence shows 3.5× disparity in stops of African American motorists. Officers do not stop similarly situated non-minority motorists with equivalent or darker window tint.

**RELIEF SOUGHT:** Compensatory damages; punitive damages; declaratory judgment; injunctive relief.

## EIGHTH CLAIM FOR RELIEF

### Fourteenth Amendment: Substantive Due Process (42 U.S.C. § 1983)

*Against: All Defendants*

**CONTROLLING AUTHORITIES:** *County of Sacramento v. Lewis,* 523 U.S. 833 (1998).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** The coordinated conduct shocks the conscience: targeting Plaintiff on the exact date of expungement eligibility; fabricating justifications; searching his vehicle while transporting him away; seizing exculpatory evidence; reversing a no-filing without new evidence; designating him 'armed and dangerous' based on

unconstitutionally obtained evidence; creating an interstate 'Legal Anchor' sabotaging rehabilitation in two states.

**RELIEF SOUGHT:** Compensatory damages; punitive damages; declaratory judgment.

## NINTH CLAIM FOR RELIEF

### Fourteenth Amendment: Brady Violation (42 U.S.C. § 1983)

*Against: DDA Moe, All Officer Defendants, County of Los Angeles, City of Los Angeles*

**CONTROLLING AUTHORITIES:** *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U.S. 419 (1995).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Defendants suppressed multiple categories of exculpatory evidence: body-worn camera footage from six officers; Plaintiff's dashcam video on his seized phone; and CAD/MDT records showing the massive, coordinated deployment.

**RELIEF SOUGHT:** Immediate production of all body-worn camera footage; return of phone with all data; compensatory damages; adverse inference instructions at trial.

## TENTH CLAIM FOR RELIEF

### Monell Municipal Liability: City of Los Angeles (42 U.S.C. § 1983)

*Against: City of Los Angeles, LAPD*

**CONTROLLING AUTHORITIES:** *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** The City has a pattern or practice of: conducting pretextual stops targeting civil rights advocates; failing to enforce Special Order No. 11; failing to train officers on post-Proposition 64 marijuana law; failing to require use of tint meters; seizing phones without warrants; and conducting vehicle searches outside suspects' presence.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

**RELIEF SOUGHT:** Compensatory damages; injunctive relief requiring policy reforms and training requirements.

## ELEVENTH CLAIM FOR RELIEF

### Monell Municipal Liability: County of Los Angeles (42 U.S.C. § 1983)

*Against: County of Los Angeles, District Attorney's Office*

**CONTROLLING AUTHORITIES:** *Monell v. Dep't of Social Services,* 436 U.S. 658 (1978).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** DDA Moe reversed the no-filing determination without any new evidence following Plaintiff's protected activity. The DA's Office has not repudiated her actions. The County has ratified DDA Moe's retaliatory conduct by maintaining the prosecution.

**RELIEF SOUGHT:** Compensatory damages; dismissal of charges; policy reforms.

## TWELFTH CLAIM FOR RELIEF

### Supervisory Liability (42 U.S.C. § 1983)

*Against: Sergeant Villanueva, Sergeant Torres*

**CONTROLLING AUTHORITIES:** *Preschooler II v. Clark County Sch. Bd.,* 479 F.3d 1175 (9th Cir. 2007).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Sergeant Villanueva supervised the traffic stop, personally threatened to break Plaintiff's car window, misrepresented *Pennsylvania v. Mimms,* and announced the predetermined arrest regardless of compliance. Sergeant Torres displayed gang insignia while processing Plaintiff's civil rights complaint and admitted on camera she knew she was violating policy.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

RELIEF SOUGHT: Compensatory damages; punitive damages against Sergeants Villanueva and Torres personally.

## THIRTEENTH CLAIM FOR RELIEF

### California Bane Act (Cal. Civ. Code § 52.1)

*Against: All Defendants*

CONTROLLING AUTHORITIES: Cal. Civ. Code § 52.1; *State v. Doss*, 111 Ohio App.3d 63 (Ohio Ct. App. 1996); *Richardson v. Pletting*, Case No. 5:18-cv-00961-KES (C.D. Cal. 2018).

HOW DEFENDANTS VIOLATED THIS RIGHT: THREATS: Sergeant Villanueva's statement he would 'break your window'; Officer Emeterio's gun gesture. INTIMIDATION: Deployment of 31 officers; Sergeant Torres's display of gang insignia. COERCION: Unlawful arrest, unconstitutional search, phone seizure, retaliatory prosecution, 'armed and dangerous' designation, and interstate sabotage of rehabilitation. DOSS FAMILY PATTERN establishes specific intent.

RELIEF SOUGHT: Actual damages; treble damages ($2,000,000 × 3 = $6,000,000); attorney's fees under § 52.1.

## FOURTEENTH CLAIM FOR RELIEF

### Malicious Prosecution (California State Law)

*Against: DDA Margaret Jane Moe (individual capacity), County of Los Angeles*

CONTROLLING AUTHORITIES: *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863 (1989).

HOW DEFENDANTS VIOLATED THIS RIGHT: DDA Moe reversed a no-filing determination and filed criminal charges under Case No. 7047090 without any new evidence, exactly one month after Plaintiff's City Council complaint. Absence of any new evidence

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 34 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

combined with temporal proximity establishes that retaliation was the true motivation.

**RELIEF SOUGHT:** Dismissal of charges; compensatory damages; punitive damages against DDA Moe.

## FIFTEENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (California State Law)

*Against: All Defendants*

**CONTROLLING AUTHORITIES:** California common law.

**HOW DEFENDANTS VIOLATED THIS RIGHT:** Defendants' coordinated conduct—targeting Plaintiff on the exact date of expungement eligibility, fabricating justifications, searching his vehicle while driving him away, seizing exculpatory evidence, retaliating through prosecution, designating him 'armed and dangerous,' and sabotaging his rehabilitation in two states—constitutes extreme and outrageous conduct causing severe emotional distress. Plaintiff has spent five months in hiding.

**RELIEF SOUGHT:** Compensatory damages for severe emotional distress; punitive damages.

## SIXTEENTH CLAIM FOR RELIEF

### Civil Conspiracy (42 U.S.C. § 1985(3))

*Against: All Defendants*

**CONTROLLING AUTHORITIES:** *Griffin v. Breckenridge*, 403 U.S. 88 (1971); 42 U.S.C. § 1985(3).

**HOW DEFENDANTS VIOLATED THIS RIGHT:** LAPD officers initiated a pretextual stop on the exact date of expungement eligibility; 31 officers converged; fabricated justifications when initial pretext failed; conducted an unconstitutional search while transporting Plaintiff

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

away; DDA Moe reversed a no-filing determination immediately after Plaintiff's complaints; and the 'Legal Anchor' sabotages rehabilitation in two states—constituting a coordinated conspiracy.

**RELIEF SOUGHT:** Compensatory damages; punitive damages; declaratory judgment that Defendants conspired to deprive Plaintiff of civil rights.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## VI. PRAYER FOR RELIEF — DAMAGES BREAKDOWN

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally, and award:

### A. DECLARATORY RELIEF

A declaration that Defendants' conduct violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1985(3), the California Constitution, and the California Bane Act (Cal. Civ. Code § 52.1).

### B. INJUNCTIVE RELIEF

1. Enjoining Defendants from any ongoing or future acts of retaliation against Plaintiff's First Amendment rights;

2. Quashing or dissolving the current arrest warrant and removing any 'armed and dangerous' designation from law enforcement databases;

3. Suppressing and prohibiting use of all evidence and statements unlawfully seized or obtained on July 4, 2025;

4. Ordering the immediate production of all body-worn camera footage, dashcam evidence, CAD logs, and exculpatory evidence;

5. Ordering the prompt return of Plaintiff's seized cellular phone with all data intact, or a complete forensic copy;

6. Enjoining LAPD from enforcement of tint laws without calibrated measurement tools and honoring of valid medical exemptions;

7. Requiring full compliance with LAPD Special Order No. 11.

### C. COMPENSATORY DAMAGES

$500,000 — physical pain and injury;

$1,000,000 — emotional distress, including forced hiding and loss of liberty;

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 37 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

$1,500,000 — wrongful arrest/detention and reputational harm;

$1,000,000 — lasting damage due to 'armed and dangerous' designation;

$500,000 — economic loss and legal costs;

$1,000,000 — interstate collateral consequences (loss of record-sealing/expungement eligibility).

**Subtotal: $5,500,000**

## D. PUNITIVE DAMAGES

$80,000,000 ($10,000,000 per individual Defendant) to punish and deter willful/reckless disregard of rights.

## E. TREBLE DAMAGES UNDER CALIFORNIA BANE ACT

$2,000,000 in actual Bane Act damages, trebled per statute for a total of $6,000,000.

## F. ATTORNEY'S FEES AND COSTS

All reasonable statutory attorney's fees and costs under 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1.

## G. ADDITIONAL RELIEF

Such further legal and equitable relief as the Court deems just, including adverse inference instructions and default in case of evidence spoliation.

### DAMAGES SUMMARY TABLE

| Category | Amount |
| --- | --- |
| Compensatory (subtotal) | $5,500,000 |
| Punitive | $80,000,000 |

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

| | |
|---|---:|
| Treble (Bane Act) | $6,000,000 |
| **TOTAL** | **$91,500,000+** |

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 39 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## VII. MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING

## ORDER

## AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

[42 U.S.C. § 1983 — Civil Rights]

### I. INTRODUCTION

Plaintiff Joseph Matthew Doss applies ex parte for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) to immediately preserve crucial evidence, compel the return of seized property, and temporarily suspend an 'armed and dangerous' law enforcement designation that poses an imminent risk of deadly force in any future police encounter with Plaintiff.

On July 4, 2025—the very date Plaintiff became statutorily eligible for expungement after seven years of lawful conduct—Plaintiff was subjected to a multi-officer pretextual traffic stop, unlawful prolonged detention, warrantless vehicle and phone seizure, and fabricated criminal charges. After Plaintiff exercised his protected rights to complain and petition, prosecution commenced solely in retaliation. Critical video and digital evidence remain in government custody or are at risk of destruction by routine LAPD deletion policies.

### II. RELIEF REQUESTED

1. Preservation of all evidence relevant to the July 4, 2025 incident, including all body-worn camera footage, dashcam videos, dispatch records, digital evidence, and reports;

2. Return to Plaintiff of his cellular telephone, or, in the alternative, the immediate creation and transfer of a complete forensic duplicate;

3. Temporary suspension or proper annotation of any 'armed and dangerous' database designation generated from the July 4, 2025 incident;

4. That this Court waive any bond pursuant to Plaintiff's in forma pauperis status;

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 40 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

5. That this Temporary Restraining Order remain in effect for fourteen (14) days or until a preliminary injunction hearing may be held, whichever occurs first.

## III. RULE 65 REQUIREMENTS SATISFIED

A plaintiff seeking a TRO must demonstrate: (1) likelihood of success on the merits; (2) likelihood of irreparable harm; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

(1) **Likelihood of success on the merits** of Fourth and First Amendment claims surrounding the pretextual stop, warrantless search, and retaliatory prosecution;

(2) **Irreparable harm** is certain and imminent if evidence is destroyed, exculpatory recordings withheld, or Plaintiff's freedom/life are lost via the 'armed and dangerous' designation;

(3) **Balance of equities** overwhelmingly favors Plaintiff: preserving evidence and suspending a dangerous police designation poses no harm to Defendants but is essential to Plaintiff's survival and fair trial rights;

(4) **Public interest** supports immediate preservation of evidence and constitutional protections.

## IV. BRADY EVIDENCE PRESERVATION DEMAND

Plaintiff invokes his rights under *Brady v. Maryland*, 373 U.S. 83 (1963) to all exculpatory and material evidence, including all body-worn and dashcam footage, Plaintiff's cell phone and all digital media thereon, internal emails and communications regarding deployment and 'armed and dangerous' designation, and any prosecution files in Case No. 7047090. Failure to immediately preserve and produce this evidence constitutes a due process violation and supports discovery sanctions and potential default.

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## V. CONCLUSION

Immediate ex parte judicial intervention is necessary to prevent spoliation of evidence, further retaliation, and imminent deadly force risk that cannot be remedied by damages. Plaintiff respectfully requests this Temporary Restraining Order issue in the form set forth above.

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 42 -

# VIII. JURY TRIAL DEMAND

Pursuant to the Seventh Amendment to the United States Constitution, Federal Rule of Civil Procedure 38, and applicable California law, Plaintiff respectfully demands a trial by jury on all issues so triable.

# IX. VERIFICATION

I, Joseph Matthew Doss, am the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof. The factual allegations are true of my own personal knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 19, 2026, at Los Angeles, California.

_____

**JOSEPH MATTHEW DOSS**

Plaintiff, Pro Se

## X. CERTIFICATE OF SERVICE

I, Joseph Matthew Doss, hereby certify that pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), service of this Verified Complaint and all associated documents will be made upon all named Defendants by the United States Marshal Service upon issuance of summons by the Clerk of Court. The following are the addresses designated for service of process:

• City of Los Angeles — Office of the City Attorney, 200 N. Main Street, Los Angeles, CA 90012

• Los Angeles Police Department — Chief of Police, 100 W. 1st Street, Los Angeles, CA 90012

• LAPD Personnel Division (for all individual LAPD defendants) — 100 W. 1st Street, Los Angeles, CA 90012

• County of Los Angeles — County Counsel, 500 W. Temple Street, Los Angeles, CA 90012

• Los Angeles County District Attorney's Office — 211 W. Temple Street, Suite 1000, Los Angeles, CA 90012

• Deputy District Attorney Margaret Jane Moe — D.A.'s Office, address above

Executed March 19, 2026, at Los Angeles, California.

_____
**JOSEPH MATTHEW DOSS, Plaintiff Pro Se**

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## XI. EXHIBIT LIST WITH PROOFS

**Exhibit A:**

Letter to President Donald J. Trump (full 8-page original letter detailing LAPD targeting and federal receiver request)

**Exhibit B:**

Photograph of Traffic Stop Scene (documenting thirty-one LAPD officers, multiple cars, overhead lights, July 4, 2025)

**Exhibit C:**

Officer Yamron Transportation Photo (showing Plaintiff being transported away as vehicle is searched)

**Exhibit D:**

*Richardson v. Pletting*, Case No. 5:18-cv-00961-KES (C.D. Cal. 2018)—judicial findings and settlement documents

**Exhibit E:**

DOJ Complaint and Receipt (proof of formal complaint to DOJ Civil Rights Division—Record No. 639319-KRX)

**Exhibit F:**

LAPD Internal Affairs Complaint—Case No. 25-002131 (filed copy and confirmation)

**Exhibit G:**

California POST Complaint (and confirmation of receipt)

**Exhibit H:**

Los Angeles City Council Complaint (copy of initial letter, September 1, 2025)

**Exhibit I:**

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 45 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

Ohio Record Sealing Denial (court order explicitly citing 'PENDING CALIFORNIA

CASE' as basis for refusal)

**Exhibit J:**

Medical Window Tint Exemption Letter (Plaintiff's original, signed physician

documentation)

**Exhibit K:**

LAPD Special Order No. 11 (February 15, 2023—policy prohibiting display of Thin Blue

Line/gang insignia)

**Exhibit L:**

Criminal Case No. 7047090—Docket and Charging Documents

**Exhibit M:**

Body-Worn Camera Footage Demand/Notice (all formal demand communications

regarding video)

**Exhibit N:**

Plaintiff's Dashcam Video Demand and Status (proofs of request, chain of custody,

evidence of seizure)

**Exhibit O:**

Preservation of Evidence Notification (formal written notice to all Defendants demanding

retention of all evidence)

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983

- 46 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## XII. PRESERVATION OF EVIDENCE NOTICE

All Defendants and their agents, employees, assigns, and representatives are hereby notified of their ongoing, affirmative legal duty to preserve all evidence relevant to this action, including but not limited to physical documents, digital records, video, audio, electronic communications (including emails and texts), data, photographs, booking records, phone/video storage, and all items or records described elsewhere in this Complaint.

**NOTICE: Any destruction, loss, alteration, or deletion of such evidence—whether intentional or unintentional, by action or omission, including as a result of routine or automated practices—may constitute spoliation of evidence as defined by federal and state law. Spoliation may result in sanctions, issue preclusion, adverse inference instructions, monetary penalties, and/or entry of default judgment against the responsible party, as set forth in Federal Rule of Civil Procedure 37(e) and controlling case law.**

*See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001); *Leon v. IDX Systems Corp.*, 464 F.3d 951 (9th Cir. 2006).

Plaintiff specifically demands that Defendants suspend all data deletion/purge schedules, back-up and archive all discoverable material, and confirm in writing that they have implemented litigation holds with respect to all evidence described herein.

Dated: March 11, 2026

Respectfully submitted,



VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

- 47 -

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## XIII. UNITED STATES MARSHAL SERVICE — PROCESS FORMS

Pursuant to Federal Rule of Civil Procedure 4(c)(3) and Plaintiff's in forma pauperis status, the United States Marshal is requested to serve each of the following Defendants with process. Separate USM-285 forms are submitted for each Defendant.

JOSEPH MATTHEW DOSS v. CITY OF LOS ANGELES, et al.

# EXHIBITS TO VERIFIED COMPLAINT

## JOSEPH MATTHEW DOSS v. CITY OF LOS ANGELES, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EXHIBITS -A- THROUGH- P

## STANDALONE EVIDENTIARY VOLUME

JOSEPH MATTHEW DOSS v. CITY OF LOS ANGELES, et al.

## TABLE OF CONTENTS AND CROSS-REFERENCES

**Exhibit A** – Letter to President Donald J. Trump .................................. A-1

(**Complaint § II.N – p. 22**)

**Exhibit B** – Photograph: July 4, 2025 Traffic Stop (31 Officers) .............. **B-1**

(**Complaint § II.D – pp. 13–15**)

**Exhibit C** – Photograph: (Officer Yamron Transporting Plaintiff Exhibit C ) – **Reserved** — No Photo Available ............... **C-1**

(**Complaint § II.D – pp. 13–15**)

**Exhibit D** – Richardson v. Pletting – Judicial Findings & Settlement Docs ... **D-1**

(**Complaint § II.C – p. 10**)

**Exhibit E** – DOJ Civil Rights Complaint & Receipt ............................. E-1

(**Complaint § II.I – pp. 19–20**)

**Exhibit F** – LAPD Internal Affairs Complaint – Case No. 25-002131 ........... **F-1**

(**Complaint § II.I – pp. 19–20**)

**Exhibit G** – California POST Complaint & Confirmation ........................ G-1

(**Complaint § II.I – pp. 19–20**)

**Exhibit H** – Los Angeles City Council Complaint ............................... H-1

EXHIBITS TO VERIFIED COMPLAINT

2

JOSEPH MATTHEW DOSS v. CITY OF LOS ANGELES, et al.

(Complaint § II.O – p. 22)

Exhibit I – Ohio Record-Sealing Denial (Citing Pending CA Case) ............. I-1

(Complaint § II.M – p. 21)

Exhibit J – Medical Window Tint Exemption Letter ............................ J-1

(Complaint § I.B – pp. 8–9; § II.E – p. 16)

Exhibit K – LAPD Special Order No. 11 – Thin Blue Line Insignia Ban ........ K-1

(Complaint § II.H – p. 19)

Exhibit L – Criminal Case No. 7047090 – Docket & Charging Documents ...... L-1

(Complaint § II.I – pp. 19–20; § V – pp. 28–36)

Exhibit M – Body-Worn Camera Footage Demand / Notice ....................... M-1

(Complaint § II.P – p. 22; § II.T – p. 24)

Exhibit N – Dashcam Video Demand & Seizure Documentation .................. N-1

(Complaint § II.D – pp. 13–15; § II.R – p. 23)

Exhibit O – Preservation of Evidence Notification .............................. O-1

(Complaint § XII – p. 47)

Exhibit P – Preservation of Evidence Follow-Up Correspondence .............. P-1

(Complaint § XII – p. 47)

EXHIBITS TO VERIFIED COMPLAINT

3

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

# EXHIBIT A

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Letter to President Donald J. Trump*

JOSEPH DOSS 506 S. SPRING ST #13852 Los Angeles, California 90013 Telephone:

213-984-8050 Email: jdbfi2766@gmail.com

**July 27, 2025**

**The Honorable Donald J. Trump** President of the United States The White House 1600 Pennsylvania Avenue NW Washington, DC 20500

- **Subject: URGENT APPEAL FOR IMMEDIATE FEDERAL INTERVENTION: SYSTEMIC RACIAL INEQUITIES, CIVIL RIGHTS VIOLATIONS, AND A DELIBERATE AGENDA TO TARGET AFRICAN AMERICAN CITIZENS IN CALIFORNIA, EXACERBATED BY DIVISIVE RHETORIC AND BLATANT INSUBORDINATION TO FEDERAL AUTHORITY**

Dear Mr. President,

I am writing to you today not merely as an individual citizen, but as a direct voice representing the profound concerns of African American communities in California who are experiencing systemic racial tensions and egregious inequities at the hands of law enforcement. These issues are not isolated incidents but are deeply rooted in a "hate blacks" narrative that, I contend, is embedded in the patrol duties of many, if not all, Los Angeles Police Department (LAPD) officers, leading to pretextual stops and overt hostility towards Black individuals. This alarming reality undermines the fundamental rights of citizens and threatens the very fabric of our nation's commitment to justice and equality. My personal experience, detailed below, serves as a stark illustration of this broader, deeply troubling pattern.

On **JULY 4, 2025, at approximately 8:30 PM**, I was subjected to an unconstitutional traffic stop in Los Angeles, California. The stated reason for the stop was alleged illegal window tint. However, I possess a **valid medical license for this tint**, a critical fact that was neither inquired about nor acknowledged by the officers. When I questioned the officer about using a tint meter to objectively verify the tint level, he explicitly stated, **"We don't need a tint meter."** This immediate disregard for objective measurement, despite the precise legal standards for window tint (California Vehicle Code §§ 26708, 26708.5), highlights a troubling reliance on subjective judgment over verifiable facts, directly undermining the purported basis for the stop.

Following this initial exchange, the situation escalated dramatically. The officer abandoned the tint premise and retreated to confer with a staggering contingent of **six to eight cars of officers** who had converged on the scene. Immediately thereafter, the officer returned with a new, highly suspect claim: "Oh, I smell marijuana" and falsely asserted to have "seen it in the car." This manufactured probable cause, emerging only after my lawful questioning and a massive show of force, is a clear tactic of pretextual policing designed to circumvent constitutional protections. Despite my lawful hesitation to comply with these unsubstantiated orders, officers forcibly removed me from my vehicle. Crucially, and in direct violation of my Fourth Amendment rights, they proceeded to search my vehicle, specifically retrieving a firearm from my armrest, **during this period of detainment and prior to any formal arrest**. It was only *after* the firearm was discovered that a Sergeant declared, "Now you're going to jail for obstruction," effecting an arrest under California Penal Code § 148(a). This sequence—a search preceding and precipitating the arrest—is a fundamental breach of constitutional protections. Furthermore, during the entire duration of the traffic stop and the search of my vehicle, the officers explicitly told me they were **not required to read me my Miranda rights** at the scene. These rights were only read to me much later, at the police station, and *after* the illegal discovery of the firearm.

My experience is not an isolated incident but reflects a deeply concerning, long-standing pattern of racial bias and selective enforcement within the Los Angeles Police Department. I have personally endured **30 years of unjust and illegal pullovers by Hispanic officers**, a consistent pattern of targeting that has led to my incarceration. I was routinely pulled over for "walking while being Black" or "driving while being Black." Even when I wore my **MAGA hat**, a symbol of my political support for you, Mr. President, I was pulled over and locked up,

demonstrating a clear intent to target me based on both my race and perceived political affiliation. This pervasive racial profiling and harassment, often under the guise of pretextual stops, is a daily reality for many Black Americans, leading to a profound fear of even going outside due to the constant threat of unwarranted police encounters, particularly in the context of heightened immigration issues.

Available data consistently indicates that Hispanic officers constitute a significant majority within the LAPD, far outnumbering African American officers. This demographic imbalance, coupled with reports from organizations like the ACLU, highlights that African American drivers are disproportionately stopped, searched, and arrested in Los Angeles. This disparate impact, often driven by pretextual stops like the one I experienced, raises serious concerns about racial profiling and implicit bias. Recent California appellate decisions, such as *Jackson v. Superior Ct.*, 1 Cal.App.5th 1 (2025), have even acknowledged statistical disparities in traffic stops and searches, warranting judicial scrutiny of racial bias.

This systemic issue is further exacerbated by inflammatory public rhetoric that fuels racial tensions and undermines civil rights. The "hate blacks" narrative, which I contend is now deeply embedded in the patrol duties of many, if not all, LAPD officers, has historical roots and continues to manifest through the actions of influential figures. For instance, **Felix Tijerina**, a prominent Mexican American civil rights activist and former national president of the League of United Latin American Citizens (LULAC), famously declared in 1957, **"Let the Negro fight his own battles,"** and **"His problems are not mine. I don't want to ally with him."** Tijerina even enforced strict Jim Crow policies in his own businesses, posting detailed statements on the non-serving of Black individuals. This historical "whiteness strategy" among some Mexican American leaders, aimed at distancing themselves from Blackness, regrettably laid a foundation for anti-Black sentiments within certain segments of Mexican American society.

More recently, the infamous 2022 Los Angeles City Council scandal involving **Nury Martinez**, **Kevin de León**, **Gil Cedillo**, and union leader **Ron Herrera** exposed deeply entrenched anti-Black racism within contemporary Latino political leadership in Los Angeles. Martinez, then City Council President, made abhorrent comments, referring to a Black child as a "little monkey" who "needs a beatdown" and stating, **"Fuck that guy He's with the blacks"** in reference to District Attorney George Gascón. These comments, along with disparaging remarks about Indigenous Oaxacans and Koreans, revealed a shocking level of prejudice. Such rhetoric, from influential figures, normalizes anti-Black bias and contributes to a culture where discriminatory practices can flourish.

The defense further contends that the widely reported comments by former Cudahy Vice Mayor **Cynthia Gonzalez**, where she allegedly called on **"Mexican gangs to protect their neighborhoods from DEI agents"** and questioned why gangs were not protesting or speaking up about immigration raids, further exacerbate this climate. [1, 2, 3, 4, 5, 6] These statements, implying a connection to actions that harm "alienable rights of citizens" and "Homeland Security's actions against illegal immigrants," overtly reflect a mindset of **prejudice rather than objective facts**. It is my assertion that Ms. Gonzalez, through her public platform, has actively contributed to the current climate of racial tension, effectively "doing the DEI" in a manner that, in my view, has emboldened certain segments of the Hispanic police population to disproportionately target and oppress African American citizens. I contend that this targeting stems from a perceived lack of support from the Black community for Hispanic communities regarding deportation issues, creating a dangerous and discriminatory agenda to **"take blacks out"** of the streets and into the carceral system. This agenda is not merely theoretical; it is manifested in the daily realities faced by Black Americans, including the fear of ICE immigration issues being weaponized against them by Hispanic police, who, I believe, have an agenda to incarcerate Black individuals for a perceived "lack of assistance or help in breaking the law" related to immigration matters.

**Mr. President, please do not misunderstand me; I do adhere to police directions, and I**

admire law enforcement. However, it is the officers who are not right, the ones who are racist, who need to go. We can make this country great again, but these individuals are currently standing in our way.

I have personally witnessed and experienced this systemic problem. After struggling my way to the top from being a former member of the **Organization for Black Growth and Development** out of Chicago, I built and owned businesses in California, specifically in what many would consider "Little Mexico." My stores were broken into every day, and problems constantly arose with the Hispanics in that neighborhood. Their whole objective, as I perceive it, is to take over California, and this includes systematically marginalizing and removing the Black population. Black Americans are currently facing a severe crisis of representation. Despite claims of diversity, those who purport to represent Black communities, or who are aligned with the Hispanic population, often fail to genuinely advocate for Black interests. A prime example is Los Angeles Mayor Karen Bass, who, despite her own racial identity, has children of Hispanic heritage and is perceived by many in the Black community as disproportionately allocating resources and funding towards Hispanic populations. This perceived prioritization, I contend, further exacerbates the feeling among Black Americans that they are being denied support and actively harmed by segments of the Hispanic population in California. This dynamic creates a vacuum of leadership for Black Americans, leaving them without effective advocates in the face of systemic discrimination.

Mr. President, the integrity of our justice system and the protection of the alienable rights of all citizens depend on your administration's unwavering commitment to addressing these profound inequities. I am a **huge supporter of Donald Trump the President, your movement, and all that you stand for.** Your meetings with figures like Mike Tyson and Kanye West serve as powerful proof that you are not what the people of California, particularly those entrenched in the establishment, claim you to be. This demonstrates your willingness to engage with and understand diverse communities, directly contradicting the false narratives propagated against you.

The **insubordination of Los Angeles Mayor Karen Bass and the continued operation of "sanctuary cities" in California represent a direct violation of your federal orders and policies.** This situation is so anachronistic, so reminiscent of the 1950s in its blatant defiance of federal authority, that I felt compelled to contact you directly. The hardheadedness of this Governor and Mayor, who seemingly believe California is a "different country" where your authority has no right to extend, makes your immediate intervention not just necessary, but critical. **Where does this happen in America?** This blatant disregard for federal directives, coupled with the historical context of figures like Ronald Reagan in 1981 during the census, who controversially stated that Hispanics were to be considered "white" for census purposes, perhaps fuels a belief among some in power that they can operate outside federal oversight. This historical classification, I contend, may have inadvertently contributed to a sense of racial superiority or distinctness that now manifests in anti-Black sentiment and discriminatory practices.

Therefore, a **federal receiver should be assigned to the Los Angeles Police Department, or those responsible for this insubordination and plotting against your orders should face immediate legal consequences, including incarceration.** There needs to be a comprehensive investigation into the Los Angeles Police Department, specifically examining and rectifying the unequal hiring rules. This investigation must ensure that police departments achieve a proportional representation where both Mexican and Black officers are **equal in numbers,** or at least not significantly disparate. This equality must extend to the streets and the jails, ensuring that law enforcement presence and incarceration rates reflect a true half-and-half representation, where departments are truly balanced.

If I were to receive some type of benefits or help, I am confident I can help clean this problem up. If I had your support through Washington D.C., Mr. President, I could serve as a

spokesperson for California citizens of the urban community, bringing these critical issues directly to the forefront. Your leadership is essential to dismantle these patterns of racial inequity and ensure that no community is targeted based on perceived political alignments or racial tensions.

Thank you for your time and attention to this critical matter. I eagerly await your response and the opportunity to contribute to a more just and equitable California under your leadership.

Sincerely,

**Joseph Doss**

# EXHIBIT B

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Photograph - July 4, 2025 Traffic Stop (31 Officers)*

# EXHIBIT C

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Photograph - Officer Yamron Transporting Plaintiff*

**EXHIBIT C**

**Reserved — No Photo Available**

Plaintiff was handcuffed and secured in the rear of the patrol vehicle during transport and was not physically able to take any photograph of Officer Yamron or the transport. No photographic evidence exists at this time.

EXHIBITS TO VERIFIED COMPLAINT- C-1

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

# EXHIBIT D

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Richardson v. Pletting - Judicial Findings & Settlement Docs*

 Gmail

Joe Doss <jdbfi2766@gmail.com>

## Richardson v. Pletting (5:18-cv-00961 CJC KES)

**Joe Doss** <jdbfi2766@gmail.com>
To: KESChambers <KES_Chambers@cacd.uscourts.gov>

9 May 2021 at 18:48

Thanks, I got it.

**From:** KESChambers <KES_Chambers@cacd.uscourts.gov>
**Sent:** Monday, May 3, 2021 12:58 PM
**To:** Matthew Wilson <Matthew.Wilson@doj.ca.gov>; KESChambers <KES_Chambers@cacd.uscourts.gov>
**Cc:** Joe Doss <jdbfi@hotmail.com>
**Subject:** RE: Richardson v. Pletting (5:18-cv-00961 CJC KES)

We will go ahead and schedule the settlement conference for June 9 at 9:00am. It will be held telephonically.

Call in number: 877-848-7030, access code: 7771217.

 JAZMIN DORADO
MAGISTRATE JUDGE COURTROOM DEPUTY
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
411 West Fourth Street Room 1-053
Santa Ana CA, 92701
Office: 714-338-3960    Fax: 714-338-3967
Email: jazmin_dorado@cacd.uscourts.gov

**From:** Matthew Wilson <Matthew.Wilson@doj.ca.gov>
**Sent:** Friday, April 30, 2021 1:45 PM
**To:** KESChambers <KES_Chambers@cacd.uscourts.gov>
**Cc:** Joe Doss <jdbfi@hotmail.com>
**Subject:** RE: Richardson v. Pletting (5:18-cv-00961 CJC KES)

**CAUTION - EXTERNAL:**

I spoke with Mr. Richardson, who is representing himself in this action. We are both available on June 7 or June 9.

Matthew Ross Wilson

Deputy Attorney General

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

# EXHIBIT E

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*DOJ Civil Rights Complaint & Receipt*

 Gmail

**Joe Doss <jdbfi2766@gmail.com>**

## Thank you for submitting a report to the Civil Rights Division

2 messages

**DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>        21 July 2025 at 01:04
Reply-To: civilrightsdonotreply@mail.civilrights.usdoj.gov
To: jdbfi2766@gmail.com

  U.S. Department of Justice
Civil Rights Division                                               civilrights.justice.gov

*Please do not reply to this email. This is an unmonitored account.*

Thank you for submitting a report to the Civil Rights Division. Please save your record number
for tracking. Your record number is: **640069-MTT**.

If you reported an incident where you or someone else has experienced or is still experiencing
physical harm or violence, or are in immediate danger, please call 911 and contact the police.

# What to Expect
—

## 1. We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights
violations, spot trends, and determine if we have authority to help with your report.

## 2. Our specialists determine the next steps

We may decide to:

- Open an investigation or take some other action within the legal authority of the Justice
  Department.
- Collect more information before we can look into your report.
- Recommend another government agency that can properly look into your report. If so,
  we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and
will recommend that you seek help from a private lawyer or local legal aid organization.

 Gmail

Joe Doss <jdbfi2766@gmail.com>

---

## Response: Your Civil Rights Division Report - 639319-KRX from the Criminal Section

**DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>    11 January 2026 at 07:32
Reply-To: civilrightsdonotreply@mail.civilrights.usdoj.gov
To: jdbfi2766@gmail.com


U.S. Department of Justice
Civil Rights Division

civilrights.justice.gov

Dear JOSEPH DOSS,

You contacted the Department of Justice on July 18, 2025. Your report number is 639319-KRX.
The Civil Rights Division relies on information from community members to identify potential civil
rights violations. The Federal Bureau of Investigation and other law enforcement agencies
conduct investigations for the Division. Therefore, you may want to contact your local FBI office
or visit www.FBI.gov.

The Criminal Section is one of several Sections in the Civil Rights Division of the U.S.
Department of Justice. We are responsible for enforcing federal criminal civil rights statutes.
The Criminal Section prosecutes criminal cases involving:

- Civil rights violations by persons acting under color of law, such as federal, state, or other
  police officers or corrections officers;
- Hate crimes;
- Force or threats intended to interfere with religious activities because of their religious
  nature;
- Force or threats intended to interfere with providing or obtaining reproductive health
  services and
- Human trafficking in the form of coerced labor or commercial sex.

We cannot help you recover damages or seek any other personal relief. We also cannot assist
you in ongoing criminal cases, including wrongful convictions, appeals, or sentencing. For more
detailed information about the Criminal Section or the work we do, please visit our web page:
www.justice.gov/crt/about/crm/.

We will review your letter to decide whether it is necessary to contact you for additional
information. We do not have the resources to follow-up on or reply to every letter. If your
concern is not within this Section's area of work, you may wish to consult the Civil Rights
Division web page to determine whether another Section of the Division may be able to address
your concerns: www.justice.gov/crt. Again, if you are writing to report a crime, please contact
the federal and/or state law enforcement agencies in your local area, such as the Federal
Bureau of Investigation or your local police department or sheriff's office.

# Thank you for submitting a report to the Civil Rights Division



**DOJ Civil Rights - Do Not Reply** <civilrigh... 21 Jul 2025, 01:04

to me



U.S. Department of Justice
Civil Rights
Division

civilrights.justice.gov

*Please do not reply to this email. This is an unmonitored account.*

Thank you for submitting a report to the Civil Rights Division. Please save your record number for tracking. Your record number is: **640069-MTT**.

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or violence, or are in immediate danger, please call 911 and contact the police.

## What to Expect

### 1. We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### 2. Our specialists determine the next steps

We may decide to:

- Open an investigation or take some other action within the legal authority of the Justice Department.
- Collect more information before we can look into your report.
- Recommend another government agency that can properly look into your report. If so, we'll let you know.

| Received At | LAPD Station | **Complaint Form Receipt** | CF No. 25-002256 |
| --- | --- | --- | --- |
| Input Date | 07/15/2025 | | |

**Location of Incident**

| Beginning Date | 07/04/2025 | **Reporting District** 0646 | | | |
| --- | --- | --- | --- | --- | --- |
| Beginning Time | 2010 | | | | |
| Street Number | Street Fraction | Street Direction | Street Name | Street Description | Apt/Unit/Ste |
| City | State | Zip | | | |
| Los Angeles | California | 90028 | | | |
| Cross Street 1 | Cross Street 2 | | | | |
| Hollywood Blvd | Vine Street | | | | |

**Complainant**

| Last Name | Doss | First Name | Joseph | Rank | |
| --- | --- | --- | --- | --- | --- |
| M.I. | | Suffix | | | |
| Serial No. | | DOB | 12/21/1972 | | |
| Source | Public-Person Involved | Method | Verbal (in person) | | |
| Organization | | | | | |
| ID Type | ID State | ID Country | ID Number | | |
| Email | | | | | |

**Business Address**

| Street Number | Street Fraction | Street Direction | Street Name | Street Description | Apt/Unit/Ste |
| --- | --- | --- | --- | --- | --- |
| City | State | Zip | | | |

**Residence Address**

| Street Number | Street Fraction | Street Direction | Street Name | Street Description | Apt/Unit/Ste |
| --- | --- | --- | --- | --- | --- |
| 506 | | South | Spring | Street | 13852 |
| City | State | Zip | | | |
| Los Angeles | California | 90013 | | | |
| Phone Type | Phone Number | | | | |
| Cell | | | | | |

**Summary**

**Recorded By**

| Rank | Last Name | Serial No. | Organization |
| --- | --- | --- | --- |
| SGT 1 | CHAO | 33544 | HWD ADMIN SECT |

LAPD Confidential

 Gmail

Joe Doss <jdbfi2766@gmail.com>

---

## FALSE ARREST

**Joe Doss** <jdbfi2766@gmail.com>
Draft

23 November 2025 at 20:50

---

📄 legal brief for court mimms case14.pdf

🖼️ da.jpg

📄 Body-camfootagedemand.docx

📄 DOSS_WITH_TRUMP_LETTER.docx

📄 DOSS_FINAL_READY.docx

## Forwarded Conversation
**Subject: FALSE ARREST**

------------------------

From: **Joe Doss** <jdbfi2766@gmail.com>
Date: Fri, 18 Jul 2025 at 16:30
To: Ms Crab Boil Lady Private chef <rgordon793@gmail.com>

**To:**
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW
Washington, DC 20530

**Subject:** Formal Civil Rights Complaint – LAPD Misconduct on July 4, 2025

**From:** Joseph Doss
Email: jdbfi2766@gmail.com
Date: July 18, 2025

Dear Civil Rights Division,

I respectfully submit this formal complaint concerning multiple violations of my constitutional rights by officers of the Los Angeles Police Department (LAPD) during a traffic stop on July 4, 2025, at Hollywood & Vine in Los Angeles, California.

❖ Summary of Alleged Violations

- **Pretextual traffic stop** initiated under false claims of excessive window tint.
- **Racial profiling** based on my ethnicity and physical appearance.
- **Fabricated evidence** and unlawful escalation using *Pennsylvania v. Mimms* to justify removal and search without probable cause.
- **Threats of force**, illegal detention, and coercion.

- **Unlawful search and seizure** resulting in property damage and firearm charges.
- **Attempted unlawful DNA collection** by LAPD personnel during booking.
- **Suppression of evidence**, including the disappearance of my phone containing critical dashcam footage.
- **Display of banned insignia** ("Thin Blue Line") by Sgt. Torres, in violation of LAPD policy, signaling potential ideological bias.

❖ Legal Grounds

- **Fourth Amendment** – Protection from unreasonable searches and seizures
- **Fourteenth Amendment** – Equal protection under the law
- **42 U.S.C. § 1983** – Deprivation of civil rights under color of law
- **California Civil Code § 52.1 (Bane Act)** – Interference with rights through intimidation
- **California Penal Code § 141** – Fabrication of evidence

❖ Officers Named

- Officer Nguyen (#40299)
- Sgt. Villanueva (#38662)
- Officer Sixtos
- Sgt. Torres (#41274)

❖ Requested DOJ Action

1. Open a formal investigation into systemic misconduct and civil rights violations.
2. Obtain and release body-worn camera footage from all officers involved.
3. Investigate the alleged suppression of personal property and dashcam footage.
4. Pursue disciplinary action or federal remedies as appropriate.
5. Encourage LAPD policy review concerning racial bias and use-of-force practices.

I declare under penalty of perjury that the information provided is true and correct to the best of my knowledge. I am requesting assistance to ensure accountability and protect public trust in law enforcement.

Sincerely,
**Joseph Doss**
Email: jdbfi2766@gmail.com

🏛 LAPD Internal Affairs Complaint Letter

**To:**
LAPD Internal Affairs Group
100 W. 1st Street
Room 228
Los Angeles, CA 90012
**Email:** complaints@lapd.online

**Subject:** Internal Complaint – Misconduct by Officers on July 4, 2025

**From:** Joseph Doss
Date: July 18, 2025

Dear Internal Affairs Division,

I am submitting a formal complaint regarding misconduct by multiple LAPD officers during a traffic stop on July 4, 2025, near Hollywood & Vine. Below is a detailed summary of the incident and the violations that occurred:

❖ Incident Summary

- I was stopped under the claim that my window tint was too dark, despite nearby vehicles having similar or darker tint.
- Officer Nguyen (#40299) alleged he smelled marijuana. A female officer falsely claimed she saw marijuana in the backseat. These statements appear fabricated and intended to justify a search.
- Sgt. Villanueva (#38662) threatened physical removal from the vehicle and misapplied *Pennsylvania v. Mimms* to bypass probable cause requirements.
- I was detained, my vehicle searched, and later charged with possession of a firearm despite no valid basis for the initial stop or search.
- Officer Sixtos attempted to obtain a DNA sample during booking without proper legal procedure.

- Upon release, my phone—containing dashcam footage—was missing.
- Sgt. Torres (#41274) wore a "Thin Blue Line" flag insignia in violation of LAPD policy, raising concerns about ideological bias and accountability.

❖ LAPD Policy and Legal Violations

- Violation of Department policy prohibiting public display of the "Thin Blue Line" symbol
- Improper application of *Pennsylvania v. Mimms*
- Misconduct under California Penal Code § 141 (fabrication of evidence)
- Potential violation of California Civil Code § 52.1 (Bane Act)

❖ Requested Internal Review

1. Investigate the conduct and statements of the above-named officers.
2. Release body-worn camera footage and search records.
3. Account for the missing phone and dashcam evidence.
4. Assess property damage to my Range Rover and issue compensation.
5. Review policy violations and consider disciplinary action.

I request a prompt and thorough investigation into this matter. Thank you for your time and attention.

Sincerely,
**Joseph Doss**
Email: jdbfi2766@gmail.com

----------

From: **Joe Doss** <jdbfi2766@gmail.com>
Date: Fri, 18 Jul 2025 at 17:17
To: <oigcompl@lacity.org>

----------

From: **Joe Doss** <jdbfi2766@gmail.com>
Date: Fri, 18 Jul 2025 at 17:23
To: <eprado@law.mh.com>

----------

From: **Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
Date: Fri, 18 Jul 2025 at 17:23
To: <jdbfi2766@gmail.com>



# Address not found

Your message wasn't delivered to **eprado@law.mh.com**
because the domain law.mh.com couldn't be found. Check for
typos or unnecessary spaces and try again.

**LEARN MORE**

# EXHIBIT F

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*LAPD Internal Affairs Complaint - Case No. 25-002131*

----------

From: **Complaint Management System** <lapdcms@lapd.online>
Date: Mon, 21 Jul 2025 at 06:53
To: Joe Doss <jdbfi2766@gmail.com>, OIGCOMPL <oigcompl@lapd.online>


Good morning Mr. Joseph Doss,

This email is to inform you that the Los Angeles Police Department Internal Affairs has generated Complaint Form CF No. 25-002251 and CF No. 25-002131 in response to your prior complaint submissions. **You have already filed two existing complaints with LAPD on this same incident. CF No. 25-002256 and CF No. 25-002131.**

Once your complaints are classified by Internal Affairs, your complaint will be assigned to an investigator. The internal administrative investigation should be completed no later than one year from the date of the complaint intake. CF No. 25-002256 has a statute date of July 15, 2026 and CF No. 25-002131 has a statute date of July 5, 2026. Once the complaint investigation is completed, you will be provided with a reply letter with the adjudication/outcome of the investigation.

**Please do not continue to file new complaints with LAPD on the same existing incident because these complaints will be consolidated into one primary complaint.**

LAPD Professional Standards Bureau
Complaint Management System

---

**From:** Joe Doss <jdbfi2766@gmail.com>
**Sent:** Friday, July 18, 2025 8:00 PM
**To:** OIGCOMPL <oigcompl@lapd.online>
**Cc:** Complaint Management System <lapdcms@lapd.online>
**Subject:** Fwd: FALSE ARREST

ATTENTION: This email originated outside of LAPD. Do not click on links or open attachments unless you recognize the sender and know the content is safe.

----------

From: **Joe Doss** <jdbfi2766@gmail.com>
Date: Sun, 23 Nov 2025 at 20:11
To: Joe Doss <jdbfi2766@gmail.com>

----------

From: **Joe Doss** <jdbfi2766@gmail.com>
Date: Sun, 23 Nov 2025 at 20:28
To: Joe Doss <jdbfi2766@gmail.com>

 Gmail

Joe Doss <jdbfi2766@gmail.com>

## Complaint investigation CF #25-002131/2256

2 messages

**CHRISTIAN MEJIA** <40255@lapd.online>
To: "jdbfi2766@gmail.com" <jdbfi2766@gmail.com>

8 January 2026 at 22:59

Good evening Joe,

I have been assigned investigative responsibility for the above complaint investigation which stems from a traffic stop conducted by Hollywood Officers on July 4, 2025, in the area of Hollywood and Argyle. I have a few follow up questions for you regarding the incident and would like to speak with you. Can you please reply with a good phone number so we can set up a call to discuss this complaint. Thank you in advance for your cooperation an d look forward to hearing from you soon.

**CHRISTIAN MEJIA, Sergeant II**
**Serial No. 40255**
**Hollywood Entertainment District Supervisor**
**Los Angeles Police Department**
**1358 North Wilcox Avenue**
**Los Angeles, CA 90028**
**Cell Phone: (213) 806-0386**

**Joe Doss** <jdbfi2766@gmail.com>
To: CHRISTIAN MEJIA <40255@lapd.online>

9 January 2026 at 19:11

SURE, I AM IN LONDON RIGHT NOW. I WILL BE BACK IN THE STATES IN THE NEXT FEW WEEKS
[Quoted text hidden]

 Gmail

**Joe Doss <jdbfi2766@gmail.com>**

# Your Contact with the Los Angeles Police Commission - Office of the Inspector General

1 message

**OIGCOMPL** <oigcompl@lapd.online>                                    22 July 2025 at 14:26
To: "jdbfi2766@gmail.com" <jdbfi2766@gmail.com>

Dear Complainant:

On July 21, 2025, the Office of the Inspector General (OIG) received your e-mail regarding allegations of misconduct by employees of the Los Angeles Police Department. The OIG staff determined that the information provided is related to Complaint Form Nos. 25 002256 and 25 002131. On July 22, 2025, we forwarded the supplemental information you provided to Internal Affairs Division (IAD) for their review and action.

A review of Department records indicates that your complaint has been assigned to an Investigating Officer (I/O). Should the Department need additional information, they may contact you with follow-up questions. For further information, you may contact IAD by telephone at (800) 339-6868 or by mail at:

Los Angeles Police Department

Attn:  Internal Affairs Division

201 North Figueroa Street, Suite 1600

Los Angeles, CA  90012

Very truly yours,

BOARD OF POLICE COMMISSIONERS

---------------------

Complaints Section

Los Angeles Police Commission

Office of the Inspector General

Main – (213) 893-6400

Fax – (213) 687-7473

📄 **Doss, Joseph - Complaint Response Letter - Supplemental Information - 072225.pdf**
    268K

# EXHIBIT G

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*California POST Complaint & Confirmation*



# POST Public Complaint Submission-Form Needed (Action Required)

2 messages

**POST Complaint Intake** <complaintintake@post.ca.gov>                    Mon, Jul 21, 2025 at 8:59 AM
To: jdbfi2766@gmail.com <jdbfi2766@gmail.com>

Hello,

The California Commission on Peace Officer Standards and Training (POST) has received your complaint concerning alleged misconduct on behalf of a peace officer in the State of California. POST takes every complaint seriously. For POST to forward your complaint to the appropriate agency, the Public Complaint Form must be completed. A hard copy of the complaint form is attached for reference. To fill out the form online, please visit POST's website at: https://post.ca.gov/public-complaint-form

POST is required to accept complaints from members of the public against California peace officers who are appointed under specific sections of the Penal Code, exceptions include correctional officers appointed under the California Department of Corrections and Rehabilitation and probation officers, to name a few. Complaints received from the public will be forwarded to the employing agency for further investigation and disposition. Each law enforcement agency in California is required by Penal Code section 832.5 to establish a procedure to investigate complaints.

POST can only conduct investigations into allegations of serious misconduct that could lead to the decertification of a peace officer in California. POST does not have the authority to conduct criminal investigations or administrative investigations which may lead to agency discipline.

If there is evidence that you would like to provide, please indicate that information in the narrative section of the complaint form. Once the complaint has been submitted, POST staff will contact the complainant to obtain the referenced evidence via a software application.

Thank you,

**POST Intake and Disposition Bureau**

(916) 227-2822 | desk

complaintintake@post.ca.gov | email

CA Commission on Peace Officer Standards and Training (POST)

860 Stillwater Road, Suite 100, West Sacramento, CA 95605



# Your Contact with the Los Angeles Police Commission - Office of the Inspector General

1 message

**OIGCOMPL** <oigcompl@lapd.online>                                   Tue, Jul 22, 2025 at 2:26 PM
To: jdbfi2766@gmail.com <jdbfi2766@gmail.com>

Dear Complainant:

On July 21, 2025, the Office of the Inspector General (OIG) received your e-mail regarding allegations of misconduct by employees of the Los Angeles Police Department. The OIG staff determined that the information provided is related to Complaint Form Nos. 25 002256 and 25 002131.  On July 22, 2025, we forwarded the supplemental information you provided to Internal Affairs Division (IAD) for their review and action.

A review of Department records indicates that your complaint has been assigned to an Investigating Officer (I/O). Should the Department need additional information, they may contact you with follow-up questions.  For further information, you may contact IAD by telephone at (800) 339-6868 or by mail at:

Los Angeles Police Department

Attn:  Internal Affairs Division

201 North Figueroa Street, Suite 1600

Los Angeles, CA  90012

Very truly yours,

BOARD OF POLICE COMMISSIONERS

----------------------

Complaints Section

Los Angeles Police Commission

Office of the Inspector General

Main – (213) 893-6400

Fax – (213) 687-7473

**Doss, Joseph - Complaint Response Letter - Supplemental Information - 072225.pdf**
274 KB



Connect with POST

   

*CONFIDENTIAL NOTICE: This communication and its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws, including the Electronic Communication Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.*

*TW*

📄 **Local Law Enforcement Agency Complaint.pdf**
232 KB

---

**Joe Doss** <jdbfi2766@gmail.com>                                 Sun, Nov 23, 2025 at 8:03 PM
To: Joe Doss <jdbfi2766@gmail.com>

[Quoted text hidden]

---

📄 **Local Law Enforcement Agency Complaint.pdf**
232 KB

# EXHIBIT H

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Los Angeles City Council Complaint*

# L.A. council members made racist comments in leaked audio. Read our full coverage



Nury Martinez addresses the Los Angeles City Council chambers. (Al Seib / Los Angeles Times)

Published Oct. 9, 2022 Updated May 8, 2023 10:45 AM PT



CALIFORNIA

## Biden can't quit L.A., or its complex politics, even as racist audio leak rocks the city

With L.A.'s political establishment reeling from a scandal involving racist remarks, a presidential visit took on the air of a unity tour.

Oct. 13, 2022



## Hiltzik: The L.A. City Council mess shows how Democrats and Republicans react differently to scandal

Democratic resignations and calls for resignations pile up in L.A. But Republicans embrace their wrongdoers.

Oct. 13, 2022



CALIFORNIA

## How all 15 L.A. City Council members have responded to the racist leaked audio

Need a primer on what's going on with the L.A. City Council? Here's a quick look at who's who and where all 15 council members stand.

Oct. 13, 2022

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

# EXHIBIT I

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Ohio Record-Sealing Denial (Citing Pending CA Case)*

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 - 11

 Gmail

Joe Doss <jdbfi2766@gmail.com>

# Cuyahoga County record sealing cases

2 messages

**Cullen Sweeney** <csweeney@cuyahogacounty.gov>
To: "Jdbfi2766@gmail.com" <Jdbfi2766@gmail.com>

15 December 2025 at 09:24

Mr. Doss:

As we previously discussed, our Office only filed motions to seal your dismissed cases in Cuyahoga County because you had unpaid court costs in your convictions and your judge in those cases tends to require payment of court costs. We just got back the background check that was done on the dismissed cases and it indicates a recent charge in California on July 4, 2025 for some sort of weapon charge. There is no disposition available for that case. If it has been resolved and your are not serving a sentence, please send me a journal entry to that effect. If it remains pending, then we are going to have to withdraw your expungement motions at this time and refile later once the case is resolved.

Please contact me as soon as possible and let me know the status of California case. If I do not hear from you in the next two weeks, I will assume that the case is still pending and withdraw your applications.

I did try to give you a call but there was no answer and I could not leave a message. I can be reached via email or by phone at (216) 443-3660.

Thanks. Cullen

Cullen Sweeney

Chief Public Defender

Cuyahoga County Public Defender

310 W. Lakeside Avenue, Suite 400

Cleveland, Ohio 44113

(216) 443-3660

csweeney@cuyahogacounty.us

**Cullen Sweeney** <csweeney@cuyahogacounty.gov>
To: "Jdbfi2766@gmail.com" <Jdbfi2766@gmail.com>

16 December 2025 at 15:07

 Gmail

Joe Doss <jdbfi2766@gmail.com>

## Upcoming Expungement Hearings for Cases #SA055162-01 and #SA018174-02
1 message

**Alicia Kinsellagh** <akinsellagh@lafla.org>                                      12 January 2026 at 13:05
To: Joe Doss <jdbfi2766@gmail.com>
Cc: "25-0520597@lafla.legalserver.org" <25-0520597@lafla.legalserver.org>, "25-0535755@lafla.legalserver.org" <25-0535755@lafla.legalserver.org>

Hi Mr. Doss,

I hope this email finds you well! The Airport Courthouse has scheduled an expungement hearing for case numbers SA055162-01 and SA018174-02 on February 13, 2026.

Your appearance is not required for this hearing, though we do recommend attending if possible. If you do attend, be sure to check in with the sheriff in the courtroom when you arrive the day of so they know you are there. Please also try to bring a pen and paper to write down what the Judge and District Attorney say, so we can address any issues in case we need to re-file the petitions.

If a LAFLA attorney is available to represent you at this hearing, we will be sure to contact you. However, we cannot guarantee representation, as it just depends on the attorneys' availability.

Below is more information on your upcoming hearing:

**Cases: SA055162-01 and SA018174-02**
Date/Time: 2/13/2026 at 8:30am
Location: Airport Courthouse, Department 82
Address: 11701 S La Cienega Blvd, Los Angeles, CA 90045

For your reference I have attached a copy of the petitions we filed with the court for these cases, but if you have any questions, please feel free to contact me.

Best,

**Alicia Kinsellagh** | Administrative Coordinator
**Legal Aid Foundation of Los Angeles** 🏳️‍🌈
East Los Angeles Community Office
5301 Whittier Blvd., 4th Floor | Los Angeles, CA 90022
213.640.3925 **direct line**
www.lafla.org | akinsellagh@lafla.org



This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this

information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

**2 attachments**

scanned petition_Joseph Doss SA055162-01.pdf
439K

scanned petition_Joseph Doss SA018174-02.pdf
440K

# EXHIBIT J

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Medical Window Tint Exemption Letter*

 

STATE OF CALIFORNIA
**DMV**
DEPARTMENT OF MOTOR VEHICLES
*A Public Service Agency*

## DRIVER MEDICAL EVALUATION

(Medical information is CONFIDENTIAL under *California Vehicle Code* §1808.5 CVC)

| PHYSICIAN *RETURN FORM TO:* |
|---|
| **DEPARTMENT OF MOTOR VEHICLES** |
| Licensing Operations Division |
| Driver Safety Branch |
| P. O. Box 934345  MS  J-234 |
| Sacramento, CA 95818 |

*INSTRUCTIONS TO THE DRIVER:* Please take this form to the medical professional most familiar with your health history and current medical condition. **Before** giving this form to your medical professional, complete and sign Sections 1-3. **PLEASE PRINT LEGIBLY.**

*INSTRUCTIONS TO THE MEDICAL PROFESSIONAL:* Please complete Sections 5-13, on pages 2 through 5. The Department of Motor Vehicles (DMV) records indicate your patient may have a condition that could affect the safe operation of a motor vehicle. In this case, the department is concerned about the following condition:

RETURN BY:

### SECTION 1 — DRIVER INFORMATION

| NAME (LAST, FIRST, MIDDLE) | DRIVER LICENSE NO. | BIRTH DATE | FIELD FILE |
|---|---|---|---|
| DOSS, JOSEPH M. | D2676290 | 12/21/1972 | |

| STREET ADDRESS | CITY | ZIP | PATIENT'S DAYTIME OR HOME PHONE NO. |
|---|---|---|---|
| 506 SOUTH SPRING ST | LOS ANGELES | | 213    984-8050 |

### DRIVER MUST COMPLETE HEALTH HISTORY BELOW. *(Please explain any "YES" answers)*

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| | | Head, neck, spinal injury, disorders or illnesses | | | Kidney disease, stones, blood in urine, or dialysis |
| | | Seizure, convulsions, or epilepsy | | | Muscular disease |
| | | Dizziness, fainting, or frequent headaches | | | Any permanent impairment |
| | | Eye problem (except corrective lenses) | | | Nervous or psychiatric disorder |
| | | Cardiovascular (heart or blood vessel) disease | | | Regular or frequent alcohol use |
| | | Heart attack, stroke, or paralysis | | | Problems with the use of alcohol or drugs |
| | | Lung disease (include tuberculosis, asthma or emphysema) | ✓ | | Other disorders or diseases |
| | | Nervous stomach, ulcer, or digestive problems | | | Any major illness, injury, or operations in last 5 years |
| | | Diabetes or high blood sugar | | | Currently taking medications |

*EXPLANATION:* (Include onset date, diagnosis, medication, doctor's name and address and any current condition or limitation. Attach additional sheet, if needed).

PATIENT SUFFERS FROM PHOTOPHOBIA DUE TO CURRENT EYE CONDITIONS THAT PREVENTS HIM FROM MEDIUM OR HI EXPOSURE TO LIGHT AT IN WHICH POINT CREATES MIGRAINES AND OR HEADACHES THAT CAN EFECT NORMAL EVERDAY OPERATIONS THIS MAY REQUIRE DARKER UV PROTECTION THAN REQUIRED IN HIS VEHICLES

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I further certify that all information concerning my health is true and correct.*

| DATE | DRIVER'S SIGNATURE |
|---|---|
| | X |

### SECTION 2 — DRIVER'S ADVISORY STATEMENT

Medical information is required under the authority of Divisions 6 and 7 of the *California Vehicle Code* (CVC). Failure to provide the information is cause for refusal to issue a license or to withdraw the driving privilege.

All records of the DMV, relating to the physical or mental condition of any person, are confidential and not open to public inspection (CVC §1808.5). Information used in determining driving qualifications is available to you and/or your representative with your signed authorization.

*The department has sole responsibility for any decision regarding your driving qualifications and licensure. The department will also consider non-medical factors in reaching a decision.*

### SECTION 3 — MEDICAL INFORMATION AUTHORIZATION

MEDICAL PROFESSIONAL, HOSPITAL, OR MEDICAL FACILITY (NAME AND ADDRESS)

| DATE | MEDICAL RECORD/PATIENT FILE NO. |
|---|---|
| | |

**I hereby authorize** my medical professional or hospital to answer any questions from the DMV, or its employees, relating to my physical or mental condition, and/or drug and/or alcohol use, and to release any related information or records to the DMV or its employees. Any expense involved is to be charged to me and not to the DMV.

**I hereby authorize** the DMV to receive any information relating to my physical or mental condition, and/or drug and/or alcohol use or abuse, and to use the same in determining whether I have the ability to operate a motor vehicle safely.

**NOTE:** You may wish to make a copy of the completed Driver Medical Evaluation for your records.

| SIGNED | DATE |
|---|---|
| X | |

DS 326 (REV. 5/2016) WWW

Page 1 of 5

SECTIONS 5 -13   TO BE COMPLETED BY PHYSICIAN, PHYSICIAN'S ASSISTANT OR ADVANCED PRACTICE REGISTERED NURSE

## SECTION 4 — MEDICAL PROFESSIONAL'S MEDICAL EVALUATION INSTRUCTIONS

*INSTRUCTIONS TO THE MEDICAL PROFESSIONAL (MP):* The DMV records indicate your patient may have a condition that could affect the safe operation of a motor vehicle. (See Instructions to the Medical Professional, page 1 for the specific medical condition that is a concern to the department.) With your assistance, the department hopes to resolve the matter with a minimum of inconvenience to all concerned.

The Health History and Medical Information Authorization sections on page 1 must be completed and signed by the patient before you complete this Driver Medical Evaluation form.

Your experience and knowledge of the patient's condition, results of medical examinations and treatment plans, will be of great value in assisting the department to determine a proper licensing decision. PLEASE ANSWER ALL QUESTIONS on this form. If questions do not apply, indicate "N/A". You may furnish a narrative report if you prefer, but please include all information pertinent to your patient. The department has sole responsibility for any decision regarding the patient's driving qualifications and licensure. The department will also consider non-medical factors in reaching a decision.

## SECTION 5 — VISION

| VISUAL ACUITY (without bioptic telescope) | BOTH EYES | RIGHT EYE | LEFT EYE |
|---|---|---|---|
| Without Lenses | 20/ | 20/ | 20/ |
| With Present Lenses | 20/ | 20/ | 20/ |

| ANY EYE INJURY OR DISEASE?  (LIST) | IS FURTHER EYE EXAMINATION SUGGESTED? |
|---|---|
| | ☐ Yes  ☐ No |

## SECTION 6 — TREATMENT BY OTHER MEDICAL PROFESSIONAL(S)

IS THIS PATIENT BEING TREATED FOR ANY CONDITION BY ANOTHER MP?

☐ Yes  ☐ No

IF YES, PLEASE INDICATE NAME OF TREATING MP(S)


CONDITION BEING TREATED


## SECTION 7 — TREATMENT UNDER YOUR SUPERVISION

DIAGNOSIS (IF THE DIAGNOSIS IS A DISORDER CHARACTERIZED BY LAPSES OF CONSCIOUSNESS, DEMENTIA, OR DIABETES, COMPLETE PAGE 3,4 OR 5.)


DO YOU NEED TO SEE YOUR PATIENT AT REGULAR INTERVALS? IF YES, HOW OFTEN?

☐ Yes  ☐ No

PROGNOSIS


IS THE CONDITION

☐ Improving  ☐ Stable  ☐ Worsening or deteriorating  ☐ Subject to change    *(IF MULTIPLE CONDITIONS, PLEASE DESCRIBE STATUS AND PROGNOSIS IN COMMENTS BELOW.)*

MANIFESTATIONS (SYMPTOMS):


(PRESENT)


| (PAST) | MAY CONDITION IMPAIR VISION? |
|---|---|
| | ☐ Yes  ☐ No |

| HOW LONG HAS THIS PERSON BEEN YOUR PATIENT? | DATE OF LAST EXAMINATION |
|---|---|

| IS YOUR PATIENT UNDER A CONTROLLED MEDICAL PROGRAM? | HOW LONG HAS CONTROL BEEN MAINTAINED? |
|---|---|
| ☐ Yes  ☐ No | |

| IS THE PATIENT ADHERING TO THE MEDICAL REGIMEN? | IS THE PATIENT KNOWLEDGEABLE ABOUT THE MEDICAL CONDITION? |
|---|---|
| ☐ Yes  ☐ No   If no, please explain: | ☐ Yes  ☐ No |

LIST THE MEDICATIONS PRESCRIBED. PLEASE INCLUDE DOSAGE AND FREQUENCY OF USE



WHEN WAS THE LAST MEDICATION CHANGE MADE?


WOULD THE SIDE EFFECTS FROM THE PRESCRIBED MEDICATIONS INTERFERE WITH YOUR PATIENT'S ABILITY TO DRIVE SAFELY?

☐ Yes  ☐ No   If yes, please describe:

DOES YOUR PATIENT'S MEDICAL CONDITION CURRENTLY AFFECT SAFE DRIVING?

☐ Yes  ☐ No   If yes, please explain:

| DO YOU CURRENTLY ADVISE AGAINST DRIVING? | WOULD YOU RECOMMEND A DRIVING TEST BE GIVEN BY DMV? |
|---|---|
| ☐ Yes  ☐ No | ☐ Yes  ☐ No |

MP COMMENTS:

DS 326 (REV. 5/2016) WWW

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

# EXHIBIT K

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*LAPD Special Order No. 11 - Thin Blue Line Insignia Ban*

Los Angeles Police Chief Michel Moore has issued a ban **forbi dding department personnel from sporting the "thin blue line " patch on their uniforms and similar bumper stickers on pol ice vehicles**, it was reported Saturday.

4. NBC Los Angeles **LAPD Chief Moc**

4. NBC Los Angeles
https://www.nbclosangeles.com › news › local › lapd...

## LAPD Chief Moore Bans Most Displays of 'Thin Blue …

Jan 21, 2023 · Los Angeles Police Chief Michel Moore has issued a ban forbidding department personnel from sporting the "thin blue line" patch on their uniforms …

**People also search for**

thin blue line **flags**

thin blue line **stickers**

**law enforcement flag**

**police flag** blue line **usa**

thin blue line **insurance**

blue **apron**

Fox News
https://www.foxnews.com › media › lapd-chief-went-woke...

## LAPD banned the pro-police Thin Blue Line flag from …

Jan 16, 2023 · LAPD Chief Michael Moore banned the display of the Thin Blue Line Flag over a complaint that it symbolized "extremist" views. (Mel Melcon / Los …

## Videos of Michel Moore Blue Line Ban



LAPD chief bans public displays of 'thin **blue line** flag'

2.1K

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

# EXHIBIT L

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Criminal Case No. 7047090 - Docket & Charging Docs*

September 30, 2025

O**SCH 5-DIGIT 90012    19



## LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE
### BUREAU OF CENTRAL OPERATIONS

NATHAN HOCHMAN • District Attorney
STEVEN KATZ • Chief Deputy District Attorney
JAMES W. GARRISON • Assistant District Attorney

JONLYN CALLAHAN • Director

October 2, 2025

JOSEPH MATTHEW DOSS
506  SPRING STREET NO 13852
LOS ANGELES CA  90013-0000

Dear Sir or Madam:

RE:  Case #

A complaint has been filed by this office against you alleging a violation of Section(s):
PC29800(A)(1) POSSESSION OF FIREARM BY A FELON - PRIOR(S).

You are hereby notified to appear at the Los Angeles County Superior Court, 210 West Temple
Street, Los Angeles, Fifth Floor, Division 30 on October 13, 2025 at 8:30 a.m.

Please bring this letter with you.

If you fail to appear as set forth above, a warrant for your arrest will be issued.

Sincerely,
NATHAN HOCHMAN
District Attorney

By_____
Fub:  MARGARET J. MOE
Deputy District Attorney

210 W TEMPLE STREET 17th Floor
LOS ANGELES  CA  90012
(213) 974-3844
Fax:

Rev. 588-12/20 DA Com



**HOLLYWOOD TOW SERVICE INC.**
**1015 N. MANSFIELD AVE**
**LOS ANGELES, CA 90038-**
**(323) 466-5421**

202509895

CA 142479

07/05/2025 14:48:28

## THIS IS NOT A PAID RECEIPT

Date In    07/04/2025

| Year, Make, Model | License No. | State | Id # | Color | Location | Clear Date | Driver |
|---|---|---|---|---|---|---|---|
| 06 LNDR   ROVER | 9FAU694 | CA | 3365 | TAN | LO 33 | | CB |

| | | | | |
|---|---|---|---|---|
| Tow From | HOLLYWOOD & ARGYLE | | | |
| Tow To | 1015 N. MANSFIELD   (( HOLLYWOOD TOW )) | | | 195.00 |
| Tow Out | | | | 0.00 |
| Storage | $60.00 | Per Day | 07/04/2025  To   07/05/2025 | 60.00 |
| City Of Los Angeles 10% Parking Tax | | | | 6.00 |
| City Of Los Angeles Vehicle Release Fee | | | | 115.00 |
| Lien Processing Fee | | | | 0.00 |
| Upon request, you are entitled to receive a copy of the Towing Fees and Access Notice. | | | Total | 376.00 |

This invoice reflects current charges only.  Fees will increase on a daily basis Also, lien fees will be applied after seventy-two (72) Hours

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

# PROOF OF APPEARANCE

*I certify that the person named below appeared in the court as indicated.*

| NAME OF PERSON WHO APPEARED IN COURT (PRINT) | CASE/CITATION NUMBER | ☒ NO FILING TO DATE |
|---|---|---|
| DOSS, JOSEPH MATTHEW | 7047090 | |

**APPEARED AS:** *(Capacity)*
☒ Defendant:
☐ Witness:
☐ Other: _____

**PLACE OF APPEARANCE:**
☐ COURTROOM: DEPT. 30
☐ CLERK'S OFFICE

DATE: 7.30.25

TIME: 1:30    ☐ A.M. ☒ P.M.

COMMENTS:
NO INFORMATION
_____

SEAL

DAVID W. SLAYTON, EXECUTIVE OFFICER/CLERK OF COURT

By _____, Deputy

## RETAIN THIS FOR YOUR RECORDS

LASC CRIM 050 Rev. 01/23
(Replaces CRIM M-130 & LAW M-19)

# EXHIBIT M

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Body-Worn Camera Footage Demand / Notice*

# LEGAL REBUTTAL AND DEMAND FOR DISCLOSURE OF BODY-WORN VIDEO FOOTAGE

## RE: PUBLIC RECORDS REQUEST #25-10556 FROM: JOSEPH DOSS

## I. Introduction: Rebuttal of Denial and Notice of Intent to Pursue Legal Remedies

This communication serves as a formal and unequivocal rebuttal to the City of Los Angeles Police Department's (LAPD) denial of **Joseph Doss's** Public Records Request #25-10556 for body-worn video (BWV) footage. The denial, predicated on general exemptions within the **California Public Records Act (CPRA)**, is demonstrably contrary to the specific and mandatory disclosure provisions governing law enforcement records, particularly in instances involving allegations of police misconduct. This document further serves as an explicit notice of intent to pursue all available legal remedies, including but not limited to, the filing of a petition for a writ of mandate, to compel the immediate and full disclosure of the requested footage should the LAPD fail to rectify its unlawful denial.

The request pertains to an incident that transpired on **July 4, 2025, at "Hollywood and Vine, Los Angeles, California,"** involving a series of alleged constitutional violations and instances of police misconduct, including an **unlawful traffic stop, the fabrication of probable cause, an unlawful arrest, and an illegal vehicle search.** The body-worn video footage sought is not merely a record of an investigation; it is critical, direct evidence of these alleged actions, indispensable for public accountability and the potential vindication of constitutional rights.

The LAPD's blanket citation of broad Government Code sections without addressing the specific nature of the requested body-worn video footage suggests a strategic, rather than legally precise, application of exemptions. The legal framework governing BWV footage, especially when police misconduct is alleged, includes specific, mandatory disclosure provisions (e.g., **Gov. Code § 7923.625**, **Penal Code § 832.7(b)(1)**) that override or create exceptions to these general exemptions. The LAPD's failure to even acknowledge these specific provisions implies either a deliberate attempt to avoid disclosure by relying on broader, less applicable exemptions or a fundamental misunderstanding of the nuanced legal framework governing BWV footage.

## II. The California Public Records Act (CPRA) and Its Mandate for Transparency

The California Public Records Act (CPRA) is founded upon the principle that **"access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state."** This is further buttressed by **Article I, Section 3(b) of the California Constitution**, known as the "Sunshine Amendment," which declares the public's right of access to government information.

The Sunshine Amendment explicitly mandates that any statutes limiting this right of access, including exemptions, **"must be narrowly construed to maximize public access to information."** This establishes a strong presumption of disclosure for all public records. Body-worn camera footage, as a digital recording of law enforcement activities, undeniably falls squarely within the broad definition of a public record. The legal burden is squarely on the LAPD to provide a specific, fact-based, and legally sound justification for withholding the records, rather than on the requester to demonstrate why they should be released.

While the CPRA contains general exemptions, the California Legislature has enacted specific, overriding legislation to enhance transparency regarding law enforcement records. Notably, **Senate Bill 1421** (2018) and **Senate Bill 16** (2021) significantly expanded public access to certain peace officer records, including body-worn camera footage, especially when related to

**"critical incidents"** or **"sustained findings of misconduct."** These legislative amendments function as carve-outs to general investigatory exemptions, specifically compelling disclosure in defined circumstances involving police conduct. The LAPD's reliance on broad Government Code sections without addressing these more specific and controlling disclosure requirements constitutes a misapplication of the law.

## III. Rebuttal of LAPD's Stated Exemptions for Withholding Body-Worn Video Footage

The LAPD's denial cites several California Government Code sections. Each of these claimed exemptions is either misapplied, limited by more specific statutory mandates, or subject to a balancing test that overwhelmingly favors disclosure.

**A. Government Code Sections 7923.600-7923.625 (Investigatory Records Exemption)** While these sections generally exempt records of investigations, this general exemption is expressly limited and superseded by more specific disclosure provisions for body-worn camera footage. **Penal Code § 832.7(b)(1)** mandates public access to records involving **unlawful arrest or unlawful search** and **dishonesty directly related to reporting, investigation, or prosecution of a crime or police misconduct** (e.g., false statements, filing false reports). Mr. Doss's allegations of an "unlawful stop," "fabricated probable cause," "unlawful arrest," and an "illegal vehicle search" directly align with the categories of misconduct that trigger mandatory disclosure under this statute.

**B. Government Code Sections 7927.700 & 7923.625(b) (Privacy Concerns)** Privacy concerns do not justify a blanket denial of body-worn camera footage, especially when serious allegations of police misconduct are at issue. **Government Code § 7923.625(b)** specifically addresses privacy concerns for BWV footage by mandating the use of **redaction technology** (e.g., blurring or distorting) to obscure private information. Such redaction **"shall not interfere with the viewer's ability to fully, completely, and accurately comprehend the events."** Full withholding is only permitted in rare circumstances where redaction is demonstrably inadequate and the privacy interest clearly outweighs the public interest.

**C. Government Code Section 7927.200 (Pending Litigation)** This exemption is applicable only when **litigation is already pending** and the public agency is a party to that specific litigation. Mr. Doss's submission is a CPRA request, not a discovery request within an existing lawsuit. The mere possibility of future litigation does not trigger this exemption. To allow this interpretation would create a loophole for agencies to evade transparency, directly contradicting the CPRA's purpose.

**D. Government Code Section 7922.000 (Public Interest Balancing Test)** This "catchall" exemption permits withholding only if the public interest in nondisclosure **"clearly outweighs"** the public interest in disclosure. In cases involving alleged police misconduct and potential constitutional violations, the public interest in transparency, accountability, and the integrity of the justice system is exceptionally high. Mr. Doss's detailed account of the incident outlines a pattern of egregious conduct that, if true, represents a profound violation of constitutional rights. This public interest clearly and overwhelmingly outweighs any generalized interest the LAPD might claim in confidentiality.

**E. Government Code Section 7927.705 (Other Federal/State Law Exemptions)** The LAPD has failed to identify any specific federal or state law or privilege that would prohibit the disclosure of this particular footage. A generalized reference to this section without concrete identification and detailed justification is insufficient to meet the agency's burden under the CPRA.

## IV. The Incident's Nature as Grounds for Mandatory Disclosure

The detailed account of the incident, if captured on the body-worn video footage, directly triggers mandatory disclosure provisions under California law.

- The incident began with an alleged **unlawful traffic stop** of a **2006 Land Rover Range Rover**, based on an officer's subjective visual impression of "illegal window tint" rather than the objective, measurable standard required by law.
- Following this, officers allegedly **fabricated a claim to "smell marijuana"** to justify a search, constituting a transparent attempt to manufacture evidence.
- The subsequent **arrest for "obstruction" was baseless** as the officers were not performing a lawful duty, making the arrest retaliatory.
- The final **vehicle search, conducted without lawful probable cause**, is a direct violation of Fourth Amendment rights.
- Officers were also observed displaying the **"Thin Blue Line" flag insignia** in violation of departmental policy, which suggests a potential mindset of bias.

These allegations of misconduct directly fall under categories for which California law mandates disclosure, irrespective of the LAPD's general investigatory exemptions.

| Alleged Police Misconduct | Triggering Statutory Provision (Mandatory Disclosure) |
|---|---|
| **Unlawful Traffic Stop** | **Penal Code § 832.7(b)(1)(C):** "Unlawful arrest or unlawful search." An unlawful stop is the genesis of an unlawful detention. |
| **Fabrication of Probable Cause** | **Penal Code § 832.7(b)(1)(D):** "Dishonesty directly related to reporting, investigation, or prosecution of a crime... (e.g., false statements, filing false reports)." |
| **Unlawful Arrest** | **Penal Code § 832.7(b)(1)(C):** "Unlawful arrest or unlawful search." The arrest stems directly from the unlawful stop and fabricated probable cause. |
| **Illegal Vehicle Search** | **Penal Code § 832.7(b)(1)(C):** "Unlawful arrest or unlawful search." This is a direct allegation that falls squarely under the mandatory disclosure provision. |
| **Forcible Removal** from the vehicle | **Government Code § 7923.625(e):** Mandatory disclosure for "critical incidents" involving the use of force resulting in "death or in great bodily injury." |
| **Display of "Thin Blue Line" insignia** | **Penal Code § 832.7(b)(1)(E):** "Conduct involving prejudice or discrimination." The display of such symbols against policy could be interpreted as evidence of bias. |

## V. Conclusion and Demand for Immediate Disclosure

Based on the detailed allegations of police misconduct and the clear mandates of California law, the LAPD's denial of Public Records Request #25-10556 is legally indefensible. The requested body-worn video footage is a public record subject to mandatory disclosure under specific statutory provisions that override the general exemptions cited by the department.
**Therefore, I Joseph Doss, hereby formally and unequivocally demand the immediate and complete disclosure of the body-worn video footage from the incident that occurred on July 4, 2025.** This footage is essential for public accountability, and its continued withholding

constitutes an unlawful and unconstitutional denial of access to government information. Should the LAPD fail to comply with this demand within ten (10) calendar days of receipt of this document, we will proceed with all available legal remedies, including the filing of a petition for a writ of mandate to compel disclosure, seeking recovery of all associated legal costs and fees as permitted by law.

## Body-cam footage     Inbox

**Joe Doss** <jdbfi2766@g...    25 Jul 2025, 14:51
to att.centralfrontdesk

**JOSEPH DOSS**
**506 South Spring Street, Box #13852**
**Los Angeles, California 90013**
**Phone: (213) 984-8050**
**Email: JoeDoss119@gmail.com**

**July 25, 2025**

**PUBLIC RECORDS ACT COORDINATOR**

**Los Angeles Police Department - Hollywood Community Police Station**

**1358 N. Wilcox Ave.**

**Los Angeles CA 90028**

**SUBJECT: PUBLIC RECORDS ACT REQUEST - JOSEPH DOSS INCIDENT ON JULY 4, 2025**

Dear Public Records Act Coordinator,

This is a formal request for records under the **California Public Records Act (Government Code section 7920.000 et seq.)**. Access is hereby requested to **all body-worn camera footage** related to an incident involving **Joseph Doss** that occurred on **July 4th, 2025**.

The incident took place at **Hollywood and Vine, Los Angeles, California**. It is understood that the **LAPD Hollywood Division** handled this matter.

To facilitate the identification and retrieval of the requested records, the following specific details are provided:

* **Date of Incident:** July 4th, 2025
* **Location of Incident:** Hollywood and Vine, Los Angeles, California
* **Individual Involved:** Joseph Doss (Requester)
* **Nature of Incident:** Stop by LAPD officers

The request encompasses all responsive body-worn camera footage currently in the custody of the Los Angeles Police Department, Hollywood Division, pertaining to the incident described above.

A response to this request is expected within **10 calendar days** of its receipt, as required by Government Code section 7922.535(a). If any portion of this request is denied, please provide the specific legal exemption(s) authorizing the withholding of the record(s) in writing. Should there be any associated fees for fulfilling this request, please communicate these fees in advance of providing the records.

For any questions or clarification regarding this request, you may contact the undersigned at the address provided above, or via phone at **(213) 984-8050** or email at **JoeDoss119@gmail.com**.

Thank you for your prompt attention to this matter and your compliance with the California Public Records Act.

Sincerely,

**Joseph Doss**



**ATT Central Front Des...**   25 Jul 2025, 15:07

to me

Thank you for your inquiry. For your convenience, and in the hope of providing timely service, we have compiled helpful information below based on common inquiries that we regularly receive. If the information provided does not address the reason for your email, we will be sure to contact you.

Helpful Information Pertaining to Common Inquiries

You have reached the Central Office of the Criminal Branch at the Los Angeles City Attorney's Office. We handle all misdemeanor violations committed by adults that occurred within the City of Los Angeles only.

If you have any questions regarding the filing status of a criminal matter, please call 213-473-9986.

If you have additional information, please provide it to the law enforcement agency which investigated the matter.

Victims of crime may be eligible for services such as: relocation, counseling , or other services. These services are available whether or not a criminal case was filed. Please visit them at www.helplacrimevictims.org.

For case inquiries that involve the Criminal Regulatory Prosecution Division (CRPD) of the Los Angeles City Attorney's Office, please contact (213) 978-8070.
(CRPD handles Code Enforcement/Property compliance issues, Fire

Department matters, Health, Cannabis, Environmental, Tobacco Enforcement, and Administrative Citation matters).

For inquiries that do not involve criminal cases, please email cityatty.help@lacity.org

Please note, we cannot provide Court Dockets or Minute Orders. You will need to contact the Court directly. http://www.lacourt.org/

If you have been identified as  a victim or witness to a crime, a witness service coordinator will respond to you. A witness service coordinator can be reached by telephone at (213) 978-7860.

If you are a defendant who has a case and is represented by a lawyer, we cannot speak with you. Please contact your attorney or the Public Defender's Office. http://pubdef.lacounty.gov/

For any inquiries about the disposition of a case, please note the following:

Our Criminal Case Management Systems only has records beginning in 1992. Any records before 1992 will require you to contact the court. https://www.lacourt.org/

For misdemeanor cases that occur in the San Fernando Valley (this includes the LAPD divisions of North Hollywood, Van Nuys, West Valley, Topanga, Devonshire, Mission, and Foothill) please contact the Van Nuys Office at (818) 374-3300.

For misdemeanor cases that occur in West Los Angeles (West of La Cienega Blvd.) and the Harbor area (this includes the LAPD divisions of Harbor, West LA, and Pacific), please contact the Pacific Office at (310) 202-3800.

For vehicle code violations or traffic cases that do not occur in the Pacific Office or Van Nuys Office areas, please contact the Metropolitan Office at (213) 978-2400.

For misdemeanor violations that were referred to the Neighborhood Justice Program (NJP), Hearings Program, Community Outreach Court, Dispute Resolution Program (DRP), Homeless Engagement and Response Team (HEART) or Diversion, Outreach & Opportunities for Recovery (LA DOOR) please contact as follows:

Community Outreach Court, or Homeless Engagement and Response Team (HEART)- Email: att.heart@lacity.org– Phone: 213-978-1937

Diversion, Outreach & Opportunities for Recovery (LA DOOR) – Email: ladoor@lacity.org  Phone: 213-620-5712 ext. 115

Hearings Program-- Phone: (213) 978-2985

Neighborhood Justice Program (NJP)–Email: att.njp@lacityorg

Dispute Resolution Program (DRP)– Email: att.drp@lacity.org

The Los Angeles County District Attorney's Office prosecutes felony criminal cases throughout Los Angeles County and misdemeanor violations in the unincorporated areas of the county and all cities except Burbank, Hawthorne, Hermosa Beach, Inglewood, Long Beach, Los Angeles, Pasadena, Redondo Beach, Santa Monica and Torrance. The Los Angeles County District Attorney's Office also prosecutes all juvenile cases countywide.

Other Jurisdiction contact information:
Los Angeles County District Attorney's Office (213) 974-3512
or  info@da.lacounty.gov
City of Santa Monica (310) 458-8336
City of Long Beach (562) 570-5600
City of Inglewood (310) 412-5372
City of Redondo Beach (310) 379-2477
City of Burbank  (818) 238-5703
City of Hawthorne (310) 349-2960
City of Hermosa Beach (310) 318-0216
City of Pasadena (626) 744-4611
City of Torrance (310) 618-5810

Again, thank you for your inquiry. You can expect a response within two business days.

**stacey.anthony@lacity**...   25 Jul 2025, 15:17
to att.centralfrontdesk, me

Please request Los Angeles Police Department Body Worn Video from the Los Angeles Police Department.

--

Stacey Anthony
Supervising City Attorney
Central Criminal Branch
200 N. Main Street, 5th Floor
Los Angeles, CA 90012
Phone:(213) 978-7840
Fax: (213) 978-7912

*****************Confidentiality Notice *************************

This electronic message transmission contains information from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,

distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
*******************************************************************

**Joe Doss** <jdbfi2766@g...   23 Nov 2025, 20:09
to me

**Joe Doss** <jdbfi2766@g...   23 Nov 2025, 20:11
to me

-- Attach a non-image file and/or reply ABOVE THIS LINE with a message, and it will be sent to staff on this request. --

## City of Los Angeles Public Records

# Record request #25-10556 has been closed. The closure reason supplied was:

Dear Requester,

We reviewed your request for body-worn video regarding an incident that occurred on July 4, 2025, at "Hollywood and Vine, Los Angeles, California"

Your request was made under the California Public Records Act (the Act). The Department is cognizant of its responsibilities under the Act. It recognizes the statutory scheme was enacted to maximize citizen access to the workings of government. The Act does not mandate disclosure of all documents within the government's possession. Rather, by specific exemption and reference to other statutes, the Act recognizes that there are boundaries where the public's right to access must be balanced against such weighty considerations as the right of privacy, a right of constitutional dimension under California Constitution, Article 1, Section 1. The law also exempts from disclosure records that are privileged or confidential or otherwise exempt under either express provisions of the Act or pursuant to applicable federal or state law, per California Government Code Sections 7927.200; 7927.700; 7923.600-7923.625; 7927.705; and 7922.000.

In accordance with Section 7923.600-7923.625 of the California Government Code, records of investigations conducted by, or investigatory files compiled by, any local police agency for law enforcement purposes, are exempt from disclosure. The records

you seek, including video evidence, are investigative records or properly part of an investigatory file; therefore, we are denying your request. The requested records may be available in response to a subpoena or court order related to pending litigation.

If you have any questions, please respond to this email.

Respectfully,


LAPD Public Records & Subpoena Response Section, CPRA Unit


View Request 25-10556


https://lacity.nextrequest.com/requests/25-10556

**⊂⊃ CIVICPLUS**

# NextRequest

*Questions about your request?* Reply to this email or sign in to contact staff at City of Los Angeles.

*Technical support:* See our help page

**One attachment** · Scanned by Gmail

**⊂⊋ CIVICPLUS**

# NextRequest

*Questions about your request?* Reply to this email or sign in to contact staff at City of Los Angeles.

*Technical support:* See our help page

...

[Message clipped]  View entire message

**One attachment · Scanned by Gmail**



**Joe Doss** <jdbfi2766@gmail.com>          23 Nov 2025, 20:06

to me

---------- Forwarded message ----------
From: **Joe Doss** <jdbfi2766@gmail.com>
Date: Mon, Aug 4, 2025, 9:46 PM
Subject: Re: Your City of Los Angeles public records request #25-10556 has been closed.
To: lacity_25-10556-requester-notes@inbound.nextrequest.com <lacity_25-10556-requester-notes@inbound.nextrequest.com>
Cc: OIGCOMPL <oigcompl@lapd.online>

You have 10 days to give correct law behind your decision..
Thank you

Sent from Outlook for Android

---

**From:** publicrecords@lacity.org <messages@nextrequest.com>
**Sent:** Monday, August 4, 2025 5:20:15 AM
**To:** joedoss119@gmail.com <joedoss119@gmail.com>
**Subject:** Your City of Los Angeles public records request #25-10556 has been closed.

# EXHIBIT N

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Dashcam Video Demand & Seizure Documentation*



District
of Columbia

*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

**From:** Joe Doss <jdbfi2766@gmail.com>
**Sent:** Saturday, July 19, 2025 12:12 AM
**To:** intake <intake@acludc.org>
**Subject:** Fwd: LAPD CIV VIO

---------- Forwarded message ---------
From: **Joe Doss** <jdbfi2766@gmail.com>
Date: Thu, 17 Jul 2025 at 21:51
Subject: LAPD CIV VIO
To: Joe Doss <jdbfi2766@gmail.com>

# LEGAL SUMMARY OF CIVIL RIGHTS VIOLATIONS – COMPLAINANT: JOE DOSS

**1. Date of Incident:** July 4, 2025 **2. Location:** Hollywood & Vine, Los Angeles, CA **3. Responding Officers:** - Officer Nguyen (#40299) - Sgt. Villanueva (#38662) - Officer Sixtos - Sgt. Torres (#41274)

## ALLEGATIONS OF MISCONDUCT

**4. Pretextual Traffic Stop:** Officer Nguyen initiated a stop citing window tint, despite other vehicles with darker tint nearby. The stop was racially motivated and lacked reasonable suspicion.

**5. Fabricated Evidence:** Officers falsely claimed to smell marijuana and see contraband in the vehicle to justify a search and removal.

**6. Misapplication of Case Law:** Sgt. Villanueva cited *Pennsylvania v. Mimms* to justify removal without probable cause, misrepresenting the scope of the ruling.

**7. Unlawful Detention and Search:** Complainant was detained without arrest, searched without consent, and his vehicle was damaged during an invasive search.

**8. Improper DNA Collection Attempt:** Officer Sixtos attempted to obtain a DNA sample without legal basis, claiming it was "procedure."

**9. Suppression of Evidence:** Upon release, complainant's phone containing dashcam footage of the incident was missing.

**10. Violation of Department Policy:** Sgt. Torres wore a "Blue Line" insignia, which violates LAPD dress code and signals ideological bias.

## LEGAL VIOLATIONS ASSERTED

**11. Fourth Amendment:** Protection against unlawful search and seizure was violated.

**12. Fourteenth Amendment:** Equal protection rights were violated through racial profiling.

# REQUESTED REMEDIES

**16.** Full internal investigation of all named officers.

**17.** Release of all body camera footage from the incident.

**18.** Recovery or accounting of missing phone and dashcam footage.

**19.** Compensation for vehicle damage and loss of personal property.

**20.** Disciplinary review for policy violations and misconduct.

---

**LEGAL BRIEF AND REQUEST FOR INTERVENTIONTo Various Civil Rights (1).pdf**
111K

---

**intake** <intake@acludc.org>                                    8 September 2025 at 09:52
To: Joe Doss <jdbfi2766@gmail.com>

Dear Joe,

Thank you for contacting the ACLU of the District of Columbia — we are writing in response to your request for legal help.

The ACLU is a national organization with affiliate offices in every state. Each state office handles cases from their specific state. Following review of your complaint, we are writing to refer you to the ACLU of Southern California if you still wish to pursue this matter, because the ACLU of DC generally handles matters related to DC agencies and residents. Contact information for that office is listed below.

### ACLU of Southern California
Website: https://www.aclusocal.org/en/seeking-legal-help-aclu
Legal Intake Form: https://socalintake.aclusocal.org/
Phone: 213-977-5253
Mailing Address:
ACLU SoCal Legal Intake
1313 West Eighth St.
Los Angeles, CA 90017

We encourage you to submit the same information you sent us to the SoCal ACLU office's intake team. Any response to your complaint will come from there. We hope they will be able to help you, but cannot guarantee any outcome.

*(If you have already received a response from this office, we are not in a position to override that response or elevate your request in the queue if they are experiencing delays in response times.)*

Once again, thank you for contacting the ACLU of DC — we wish you the best.

Sincerely,
**Staff for the ACLU of the District of Columbia**
ACLU of the District of Columbia
202-601-4269 | intake@acludc.org
www.acludc.org

13. **42 U.S.C. § 1983:** Officers acted under color of law to deprive complainant of constitutional rights.

14. **California Civil Code § 52.1 (Bane Act):** Officers used threats and coercion to interfere with protected rights.

15. **California Penal Code § 141:** Fabrication of evidence by law enforcement personnel.

# REQUESTED REMEDIES

16. Full internal investigation of all named officers.

17. Release of all body camera footage from the incident.

18. Recovery or accounting of missing phone and dashcam footage.

19. Compensation for vehicle damage and loss of personal property.

20. Disciplinary review for policy violations and misconduct.

# EXHIBIT O

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Preservation of Evidence Notification*

Outlook

## 2nd demand letter to lapd for theft of property and illegal profiling

From Joe Doss <joedoss119@gmail.com>

Date Fri 8/22/2025 12:52 AM

To    AB953@doj.ca.gov <AB953@doj.ca.gov>

**To:** LAPD Public Records & Subpoena Response Section **Subject:** Rebuttal to Denial of CPRA Request #25-10556 – Demand for Disclosure of Body-Worn Video Footage

### I. Formal Rebuttal and Legal Demand

This correspondence serves as a formal rebuttal to LAPD's denial of my CPRA request for body-worn video (BWV) footage related to the incident on July 4, 2025, at Hollywood and Vine. The denial, citing general investigatory exemptions, is legally insufficient and contradicts specific statutory mandates for disclosure under:

- **California Government Code § 7923.625**

- **California Penal Code § 832.7(b)(1)**

These provisions override general exemptions and compel disclosure of BWV footage in cases involving alleged police misconduct, unlawful arrest, unlawful search, and dishonesty—all of which are central to the incident in question.

### II. Statutory Grounds for Mandatory Disclosure
### 🔍 Penal Code § 832.7(b)(1)

Mandates public access to records involving:

- Sustained findings of unlawful arrest or search

- Dishonesty in reporting or investigation (e.g., false statements, fabricated probable cause)

- Excessive force or failure to intervene

- Prejudicial conduct or discrimination

The incident involved:

- A traffic stop based on subjective tint assessment

- Fabricated claims of marijuana odor and visibility

- Retaliatory arrest for obstruction

- Illegal vehicle search

- Display of banned "Thin Blue Line" insignia

These allegations directly implicate the categories above, triggering mandatory disclosure—even if a sustained finding has not yet been made. The footage itself is the primary evidence needed to evaluate and potentially sustain such findings.

## 🎥 Government Code § 7923.625

Specifically governs BWV footage related to "critical incidents" and outlines:

- Disclosure within 45 days unless substantial interference is proven
- Redaction requirements to protect privacy without compromising comprehension
- Disclosure to the subject of the recording (which I am), even if privacy concerns exist

LAPD's denial fails to:

- Provide a written basis for delay or privacy concerns
- Justify why redaction would be insufficient
- Acknowledge my right to access as the subject of the footage

## III. Misapplication of Exemptions

LAPD's blanket citation of:

- §§ 7923.600–7923.625 (investigatory exemption)
- § 7927.700 (privacy)
- § 7927.200 (pending litigation)
- § 7922.000 (public interest balancing)

…ignores the controlling statutes above. These general exemptions do not override specific mandates for BWV disclosure in cases of misconduct. The CPRA and California Constitution require narrow construction of exemptions and favor transparency.

## IV. Notice of Intent to Pursue Legal Remedies

If LAPD fails to disclose the requested footage or provide a legally sufficient justification within 10 business days, I will pursue all available legal remedies, including:

- Filing a **petition for writ of mandate** under Gov. Code § 7923.000
- Seeking **attorney's fees and costs** under CPRA enforcement provisions

## V. Immediate Action Requested

Please confirm:

- The specific basis for withholding under § 7923.625(a) or (b)
- Whether redacted footage will be provided to me as the subject

information and note that such actions are prohibited. If you have received this transmission in error, kindly notify the sender and immediately delete this email and any files that may be attached.

📄 **scanned petition_Joseph Doss MA042804-01.pdf**
2.8 MB

---

**Joe Doss** <jdbfi2766@gmail.com>                                    Tue, Dec 16, 2025 at 11:03 AM
To: Alicia Kinsellagh <akinsellagh@lafla.org>
Cc: 25-0535757@lafla.legalserver.org <25-0535757@lafla.legalserver.org>

Thank you
[Quoted text hidden]

## Re: Your City of Los Angeles public records request #25-10556 has been closed.

 **Joe Doss** <jdbfi2766@gmail.com>                 4 Aug 2025, 21:46

to lacity_25-10556-requester-notes@inbound.nextrequest.com, OIGCOMPL, bcc: devin.anderson

You have 10 days to give correct law behind your decision..

Thank you

Sent from Outlook for Android

---

**From:** publicrecords@lacity.org <messages@nextrequest.com>
**Sent:** Monday, August 4, 2025 5:20:15 AM
**To:** joedoss119@gmail.com <joedoss119@gmail.com>
**Subject:** Your City of Los Angeles public records request #25-10556 has been closed.

-- Attach a non-image file and/or reply ABOVE THIS LINE with a message, and it will be sent to staff on this request. --

## City of Los Angeles Public Records

### Record request #25-10556 has been closed. The closure reason supplied was:

Dear Requester,

We reviewed your request for body-worn video regarding an incident that occurred on July 4, 2025, at "Hollywood and Vine, Los Angeles, California"

Your request was made under the California Public Records Act (the Act). The Department is cognizant of its responsibilities under the Act. It recognizes the statutory scheme was enacted to maximize citizen access to the workings of government. The Act

does not mandate disclosure of all documents within the government's possession. Rather, by specific exemption and reference to other statutes, the Act recognizes that there are boundaries where the public's right to access must be balanced against such weighty considerations as the right of privacy, a right of constitutional dimension under California Constitution, Article 1, Section 1. The law also exempts from disclosure records that are privileged or confidential or otherwise exempt under either express provisions of the Act or pursuant to applicable federal or state law, per California Government Code Sections 7927.200; 7927.700; 7923.600-7923.625; 7927.705; and 7922.000.

In accordance with Section 7923.600-7923.625 of the California Government Code, records of investigations conducted by, or investigatory files compiled by, any local police agency for law enforcement purposes, are exempt from disclosure. The records you seek, including video evidence, are investigative records or properly part of an investigatory file; therefore, we are denying your request. The requested records may be available in response to a subpoena or court order related to pending litigation.

If you have any questions, please respond to this email.

Respectfully,


LAPD Public Records & Subpoena Response Section, CPRA Unit


View Request 25-10556


https://lacity.nextrequest.com/requests/25-10556

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

# EXHIBIT P

Joseph Matthew Doss v. City of Los Angeles, et al.

United States District Court - Central District of California

*Reserved*

JOSEPH MATTHEW DOSS V. THE CITY OF LOS ANGELES et al.

## XI. EXHIBIT LIST ADDENDUM

The following exhibit supplements the Exhibit List With Proofs set forth at Section XI of this Complaint (pp. 45–46). This exhibit was inadvertently omitted from the original exhibit list and is hereby formally added as Exhibit P. All references to the Doss Family Pattern of Governmental Retaliation throughout this Complaint incorporate Exhibit P by reference. The published appellate decision and supporting documentation follow immediately after this page.

**Exhibit P:**

State v. Doss, 111 Ohio App.3d 63, 675 N.E.2d 854 (Ohio Ct. App. 1996) — Published decision of the Ohio Court of Appeals, Eighth District, reversing the wrongful conviction of Carl Doss, Plaintiff's brother, on grounds of insufficiency of evidence and manifest weight of the evidence, constituting a judicial finding of a manifest miscarriage of justice. Carl Doss subsequently was declared a wrongfully imprisoned person (Oct. 20, 1997) and received $75,501 in state compensation.

**Complaint cross-references:**

- **¶¶ 4–5, 10–11 (pp. 10–11):**
  Doss Family Pattern of Governmental Retaliation
- **Count X — Monell City Liability (p. 32):**
  Pattern establishing foreseeability and deliberate indifference

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS  42 U.S.C. § 1983

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOSEPH MATTHEW DOSS,

    Plaintiff,

    v.

CITY OF LOS ANGELES, et al.,

    Defendants.

Case No.: _____

EXHIBIT P

(State v. Doss,

 111 Ohio App.3d 63)

COVER PAGE

---

## EXHIBIT P

### STATE v. DOSS, 111 OHIO APP.3d 63, 675 N.E.2d 854 (1996)

*Ohio Court of Appeals, Eighth District (Carl Doss, Appellant)*

*Complaint Reference: ¶¶ 4–5, 10–11 (pp. 10–11) | Count XIII (Bane Act, p. 34) | Count XVI (Civil Conspi*

This Exhibit consists of the published appellate decision in State v. Doss, 111 Ohio App.3d 63, 675 N.E.2d 854 (Ohio Ct. App. 1996), in which the Ohio Court of Appeals reversed the wrongful conviction of Carl Doss, Plaintiff's brother. The court reversed on two independent grounds: (1) insufficiency of the evidence as a matter of law — holding the trial court should have granted acquittal; and (2) manifest weight of the evidence — expressly finding a "manifest miscarriage of justice." Carl Doss was subsequently declared a wrongfully imprisoned person (Oct. 20, 1997) and the Ohio Court of Claims awarded him $75,501 in compensation for his wrongful incarceration.

**The Doss Family Pattern — Parallel Conduct:**

## EXHIBIT P — CASE OVERVIEW & CHARGES

### I. CASE IDENTIFICATION

**Case Name:**  State v. Doss

**Citation:**  111 Ohio App.3d 63, 675 N.E.2d 854 (1996)

**Trial Court:**  Cuyahoga County Court of Common Pleas, CR-438657

**Appellate Court:**  Ohio Court of Appeals, Eighth District

**Judge (Appeal):**  Judge Porter, authored opinion

**Defendant:**  Carl Doss, Plaintiff's brother

**Disposition:**  CONVICTIONS REVERSED — Defendant discharged

**Exoneration:**  Declared wrongfully imprisoned Oct. 20, 1997

**Compensation:**  $75,501 — Ohio Court of Claims (1999); $20,000 — false arrest civil settlement

### II. FACTUAL BACKGROUND

On September 9, 1993, Carl Doss was stopped for speeding on Interstate 90 in Bratenahl, Ohio. He presented a gold badge inscribed with 'Chief' and 'O.I.P.B.' (Ohio Investigation Protection Bureau), a business card, and a firearms permit card from the Ohio Department of Commerce confirming his status as a licensed private investigator authorized to carry firearms. Officers returned his weapon and cited him only for speeding.

On September 17, 1993, the same officers stopped Carl Doss again for speeding at 2:25 a.m. He displayed a badge and identified himself as a detective. Officers arrested him for obstruction of official business and carrying a concealed weapon. A loaded 9mm firearm was found in a shoulder holster beneath a bulletproof vest.

## IV. PROCEDURAL HISTORY

September 17, 1993: Arrest after second traffic stop in Bratenahl, Ohio.

February 7, 1994: Grand jury indictment returned.

September 13, 1994: Arraignment; Carl Doss enters plea of not guilty.

February 21, 1995: Motion to dismiss for lack of speedy trial heard and denied.

February 27, 1995: Jury trial commences in Cuyahoga County.

March 3, 1995: Jury returns GUILTY verdicts on carrying a concealed weapon and impersonating a peace officer. Acquitted of possession of criminal tools.

March 8, 1995: Sentencing — 4–10 years for concealed weapon (Lorain Correctional Institution); 5–10 years for impersonation (suspended, five years probation upon release).

March 1995: Timely notice of appeal filed.

May 13, 1996: Ohio Eighth District Court of Appeals REVERSES both convictions and orders Carl Doss discharged.

May 28, 1996: Carl Doss released from prison after approximately 15 months wrongful incarceration.

October 20, 1997: Cuyahoga County Common Pleas Court declares Carl Doss a wrongfully imprisoned person.

1999: Ohio Court of Claims awards Carl Doss $75,501 in

## VI. APPELLATE DECISION — STATE v. DOSS

### 111 Ohio App.3d 63, 675 N.E.2d 854 (1996)

### A. Grounds for Reversal

The Ohio Court of Appeals reversed both convictions on two independent grounds, either of which would have been sufficient alone:

**GROUND ONE — Insufficiency of Evidence as a Matter of Law:** The court held that the evidence was insufficient to sustain convictions for either carrying a concealed weapon or impersonating a peace officer. The record conclusively established that Carl Doss was properly licensed to carry firearms under his Class A private investigator license and that his conduct was consistent with his role as a licensed security provider. The trial court should have granted the motion for acquittal under Criminal Rule 29.

**GROUND TWO — Manifest Weight of the Evidence:** The appellate court independently found that the jury's verdict was against the manifest weight of the evidence. The court emphasized two critical facts: (1) the arresting officers themselves were not misled about Carl Doss's true status; and (2) Carl Doss never claimed to be a sworn peace officer. The court found the verdict constituted a 'manifest miscarriage of justice.'

### B. The Court's Exact Language

> *"We find from a careful review of the record that the evidence was insufficient to sustain the convictions for these offenses and that the motions for acquittal should have been granted.*

## VII. OUTCOME, EXONERATION & COMPENSATION

### A. Release and Exoneration

Following the appellate court's May 13, 1996 decision, Carl Doss was released from Lorain Correctional Institution on May 28, 1996, having served approximately 15 months of a 4–10 year sentence. The appellate mandate vacated both convictions and ordered his immediate discharge. On October 20, 1997, the Cuyahoga County Court of Common Pleas officially declared Carl Doss a wrongfully imprisoned person under Ohio law — a formal judicial finding that the prosecution was wrongful.

### B. Financial Compensation

Carl Doss received compensation through two separate legal actions:

- $20,000 civil settlement for false arrest — paid by defendants directly, resolving the civil lawsuit Carl Doss filed after his release.

- $75,501 Ohio Court of Claims award (1999) — state compensation for the 15 months Carl Doss spent wrongfully incarcerated. This award required the official wrongfully imprisoned declaration as a prerequisite, confirming the judicial finding that no crime had been committed.

**Total compensation: $95,501 for a prosecution built on ignored credentials and misapplied statutes.**

### C. National Registry of Exonerations

Carl Doss's case is documented in the National Registry of

## IX. THE DOSS FAMILY PATTERN — DIRECT PARALLEL TO PLAINTIFF'S CASE

The parallel between Carl Doss's wrongful prosecution and Plaintiff's July 4, 2025 encounter is not coincidental. It is the same pattern of governmental conduct — targeting a Doss family member who is fully licensed and compliant with the law, ignoring valid credentials, proceeding without legal basis, and causing wrongful prosecution. The pattern is documented across two states, two generations, and two separate sets of governmental actors.

**CARL DOSS (Ohio, 1993–1996):**

- Held valid Class A private investigator license from Ohio Dept. of Commerce

- Held state-issued firearms permit authorizing him to carry multiple weapons

- Government ignored his credentials and prosecuted him anyway

- Officers not misled — they knew his true status but proceeded regardless

- Convicted by jury despite uncontradicted evidence of lawful licensure

- Result: wrongful conviction, 15 months wrongful incarceration, exoneration, $95,501 total compensation

**JOSEPH MATTHEW DOSS (California, 2025–present):**

- Held valid medical window tint exemption under Cal. Veh. Code § 26708.5

M Gmail                                                   **Joe Doss <jdbfi2766@gmail.com>**

---

## Thank you for submitting a report to the Civil Rights Division
1 message

---

**DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>         18 July 2025 at 16:15
Reply-To: civilrightsdonotreply@mail.civilrights.usdoj.gov
To: jdbfi2766@gmail.com



U.S. Department of Justice
Civil Rights Division                                             civilrights.justice.gov

*Please do not reply to this email. This is an unmonitored account.*

Thank you for submitting a report to the Civil Rights Division. Please save your record number for tracking. Your record number is: **639319-KRX**.

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or violence, or are in immediate danger, please call 911 and contact the police.

# What to Expect

## 1. We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

## 2. Our specialists determine the next steps

We may decide to:

- Open an investigation or take some other action within the legal authority of the Justice Department.
- Collect more information before we can look into your report.
- Recommend another government agency that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.



# Your Contact with the Los Angeles Police Commission - Office of the Inspector General

1 message

**OIGCOMPL** <oigcompl@lapd.online>                                    Tue, Jul 22, 2025 at 2:26 PM
To: jdbfi2766@gmail.com <jdbfi2766@gmail.com>

Dear Complainant:

On July 21, 2025, the Office of the Inspector General (OIG) received your e-mail regarding allegations of misconduct by employees of the Los Angeles Police Department. The OIG staff determined that the information provided is related to Complaint Form Nos. 25 002256 and 25 002131.  On July 22, 2025, we forwarded the supplemental information you provided to Internal Affairs Division (IAD) for their review and action.

A review of Department records indicates that your complaint has been assigned to an Investigating Officer (I/O). Should the Department need additional information, they may contact you with follow-up questions.  For further information, you may contact IAD by telephone at (800) 339-6868 or by mail at:

Los Angeles Police Department

Attn:  Internal Affairs Division

201 North Figueroa Street, Suite 1600

Los Angeles, CA  90012

Very truly yours,

BOARD OF POLICE COMMISSIONERS

----------------------

Complaints Section

Los Angeles Police Commission

Office of the Inspector General

Main – (213) 893-6400

Fax – (213) 687-7473

---

📄 **Doss, Joseph - Complaint Response Letter - Supplemental Information - 072225.pdf**
274 KB

**Legal Aid Foundation of Los Angeles**
East Los Angeles Office
5211 E. Washington Boulevard
Suite 2-457
Commerce, CA 90040

1-800-399-4529
www.lafla.org



LEGAL AID FOUNDATION OF LOS ANGELES

Justice • Equity • Hope

December 3 2025

Antelope Valley Courthouse
ATTN: Record Expungement Clerk
42011 4th Street West
Lancaster, CA 93534

Re:    Petition for Dismissal under P.C. §1203.41
        Case number: MA042804-01
        Defendant: Joseph Matthew Doss

Dear Sir or Madam:

Attached please find one (1) Petition for Dismissal under P.C. §1203.41 for Mr. Joseph Matthew Doss for case number MA042804-01 for filing. We have enclosed an original and a copy along with a self-addressed stamped envelope so you can return a conformed copy of the petition to our office.

We have served the Los Angeles District Attorney with a copy of the petition for case number MA042804-01.

Should you have any questions or concerns, please contact me directly at (213) 640-3938. Thank you kindly.

Sincerely,

Jhoana Perez-Garay
Administrative Coordinator

**Other Office Locations:**
**Long Beach Office**, 601 Pacific Ave., Long Beach, CA 90802
**Santa Monica Office**, 1640 5th St., Suite 124, Santa Monica, CA 90401
**South Los Angeles Office**, 7000 S. Broadway, Los Angeles, CA 90003
**Ron Olson Justice Center**, 1550 W. 8th Street., Los Angeles, CA 90017



LSC | America's Partner for Equal Justice

LEGAL SERVICES CORPORATION

Lawyaw Package ID: 806083b7-0026-4234-adc8-ae08dd36c9ae

Conforming Copy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)<br><br>Joseph Matthew Doss, 9325 Maie Ave, Apt 1, Los Angeles CA 90002<br><br>TELEPHONE NO.: (213) 984-8050    FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*):<br>ATTORNEY FOR (*Name*): In Pro Per | *FOR COURT USE ONLY*<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>**Superior Court of California**<br>**County of Los Angeles**<br><br>**DEC 09 2025**<br><br>David W. Slayton, Executive Officer/Clerk of Court |

PEOPLE OF THE STATE OF CALIFORNIA

*vs.*

DEFENDANT    PAUL RICHARDSON

CASE NUMBER: SA055162-01

### APPLICATION/PETITION FOR RESENTENCING AND PEOPLE'S RESPONSE
(Penal Code § 1170.18, subsections (b) and (g))

#### DEFENDANT'S APPLICATION/PETITION

On 3/9/05____, defendant was convicted in the above-captioned case of a felony violation of a crime that has now been made a misdemeanor pursuant to Proposition 47. He/she was convicted of the following felony: Penal Code section 666_____
*code section(s), including subsection(s)*

☑ **Defendant does not have any conviction for an offense listed in Penal Code § 667(e)(2)(C)(iv) or which requires registration as a sex offender pursuant to Penal Code § 290(c).**

*For Penal Code convictions only:*

☑ **The amount in question is not more than $950.**

*For Penal Code § 666 convictions only:*

☑ **Defendant is not required to register under any portion of the Sex Offender Registration Act** (*Penal Code §§ 290 through 290.024*).

---

**Applications Only**

☐ **Defendant has completed his/her sentence for the offense and requests that the felony conviction be designated a misdemeanor conviction pursuant to Penal Code § 1170.18(f)-(i).**

---

**Petitions Only**

☐ **Defendant requests that the felony sentence be recalled and that he/she be resentenced to a misdemeanor pursuant to Penal Code § 1170.18(a)-(e).**

☐ **Defendant is still on supervision even though he/she has completed the jail or prison term.**

☐ **Defendant requests that he/she be released from parole per Penal Code § 1170.18(d).**

***OR***

☐ **Defendant is currently serving a sentence for the offense in** _____
*(name of jail or prison)*

☐ **Resentencing the defendant would not pose an unreasonable risk of danger to public safety, as defined in Penal Code § 1170.18(c).**

---

11/23/2025

Joseph Matthew Doss

*Joseph Doss*

| _____ | _____ |
|---|---|
| *Date* | *Defendant or Attorney for the Defendant* |

#### DISTRICT ATTORNEY'S RESPONSE

☐ People do not oppose. Defendant has completed his/her sentence and is eligible to have the felony conviction designated as a misdemeanor conviction.

☐ People do not oppose. Defendant is still serving his/her sentence and is eligible and suitable for resentencing. The People recommend the following sentence: _____

☐ People waive presence at resentencing.

☐ People oppose. Defendant is ineligible for the relief requested:

☐ Defendant's current conviction for _____ does not qualify for Proposition 47 relief.

☐ Defendant is required to register pursuant to Penal Code § 290(c), or pursuant to Penal Code §§ 290 to 290.024 if the conviction is for Penal Code § 666.

☐ Defendant has a prior conviction for an offense listed in Penal Code § 667(e)(2)(C)(iv): _____

☐ People oppose. Defendant is eligible, but unsuitable for resentencing because resentencing the defendant poses an unreasonable risk of danger to public safety pursuant to Penal Code § 1170.18(c). People request that a suitability hearing be set.

| _____ | _____ |
|---|---|
| *Date* | *Deputy District Attorney* |

LASC CRIM 235 Rev. 06/18
For Optional Use

**APPLICATION/PETITION FOR RESENTENCING, RESPONSE (PC § 1170.18(b) and (g))**

# Upcoming Expungement Hearing for Case #MA042804-01

2 messages

**Alicia Kinsellagh** <akinsellagh@lafla.org>                               Mon, Dec 15, 2025 at 11:52 AM
To: jdbfi2766@gmail.com <jdbfi2766@gmail.com>
Cc: 25-0535757@lafla.legalserver.org <25-0535757@lafla.legalserver.org>

Hi Mr. Doss,

I hope this email finds you well! The Michael D. Antonovich Courthouse (Antelope Valley) has scheduled an expungement hearing for case number MA042804-01 on January 5, 2026.

Your appearance is not required for this hearing. though we strongly recommend attending if possible. If you are able to attend, please be sure to check in with the sheriff in the courtroom when you arrive the day of so they know you are there. Please also try to bring a pen and paper to write down what the Judge and District Attorney say, so we can address any issues in case we need to re-file the petitions.

If a LAFLA attorney is available to represent you at this hearing, we will be sure to contact you. However, we cannot guarantee representation, as it just depends on the attorneys' availability.

Below is more information on your upcoming hearing:

**Case: MA042804-01**
Date/Time: 1/5/2026 at 8:30am
Location: Michael D. Antonovich Courthouse, Department A18
Address: 42011 4th Street West, Lancaster, CA 9353

For your reference I have attached a copy of the petition we filed with the court for this case, but if you have any questions, please feel free to contact me.

Best,

**Alicia Kinsellagh** | Administrative Coordinator
**Legal Aid Foundation of Los Angeles** ◒
East Los Angeles Community Office
5301 Whittier Blvd., 4th Floor | Los Angeles, CA 90022
213.640.3925 **direct line**
www.lafla.org | akinsellagh@lafla.org



**LEGAL AID FOUNDATION** of **LOS ANGELES**

Justice ⋆ Equity ⋆ Hope

This message contains information from the Legal Aid Foundation of Los Angeles which may be confidential and/or privileged. If you are not an intended recipient, please refrain from any disclosure, copying, distribution or use of this

**ROB BONTA**
*Attorney General*

*State of California*
***DEPARTMENT OF JUSTICE***



**PUBLIC INQUIRY UNIT**
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
(916) 210-6276
TOLL FREE:  (800) 952-5225
TTY:  CA Relay Service
(800) 735-2922

January 30, 2026

PIU: 1485345

Joseph Doss
1221 Santee Street
Los Angeles, CA 90015

### RE: City of Los Angeles Police Department

Dear Joseph Doss:

Thank you for your correspondence to the Office of the Attorney General.

We appreciate the time and effort it has taken to contact our office. However, at this time we are unable to assist you. The California Attorney General's office represents the state in criminal appellate cases. The office does not represent individual defendants and cannot provide legal advice.

If you wish to pursue this matter, we suggest that you consult with your attorney. Your attorney directly represents your interests and is the one whose advice would be most helpful to you.

In regards to your complaint against the law enforcement agency (ies) involved in this case, it is the Department of Justice general policy that local governments will be primarily responsible for citizen complaints against law enforcement agencies or employees of law enforcement agencies, and that appropriate local resources (e.g. sheriff or police department, district attorney, citizens review commission, and/or grand jury in the area of jurisdiction) be utilized for resolution of such complaints.

You should first direct your complaint to the local law enforcement agency.  Every law enforcement agency in California is required to establish a procedure to investigate citizens' complaints (Penal Code Section 832.5). A written description of the procedure is available from all law enforcement agencies. If a resolution of your complaint is not obtained through this procedure, you should contact the county district attorney and county grand jury in the county where the law enforcement agency is located. Most complaints against local law enforcement can be resolved by contacting the aforementioned agencies.

Again, thank you for contacting the Office of the Attorney General.

Sincerely,
Public Inquiry Unit

For      ROB BONTA
Attorney General